# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
RAFAEL FIGUEROA,

                Plaintiff,

-against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV

                Defendant.
-------------------------------------------------------------X

Index No.:

Date Purchased:

**SUMMONS**

Plaintiff designates Bronx County as the place of trial.

The basis of venue is:
PLAINTIFF'S RESIDENCE

Plaintiff resides at:
1025 Boyton Avenue
Bronx, NY 10472
County of BRONX

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     Farmingdale, New York
            November 19, 2018

                                  *Evelyn F. Gross*
                                EVELYN F. GROSS
                                Grey and Grey, LLP
                                Attorneys for Plaintiff(s)
                                RAFAEL FIGUEROA
                                360 Main Street
                                Farmingdale, New York 11735
                                516.249.1342

TO:     IRENE YAGUDAEV
          363 Golden Beach Drive
          Golden Beach, FL 33160

          SOLOMON YAGUDAEV
          363 Golden Beach Drive
          Golden Beach, FL 33160

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
RAFAEL FIGUEROA

                Plaintiff,

-against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                Defendants
-----------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, **GREY AND GREY, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF RAFAEL FIGUEROA

1. That at all times herein mentioned, the Plaintiff was, and still is, a resident of the County of Bronx, City and State of New York.

2. That this action falls within one or more of the exceptions set forth in CPLR §1602.

3. That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** owned the building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

4. That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** owned the building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

5. That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** operated the aforesaid building and premises.

6. That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** operated the aforesaid building and premises.

7. That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** maintained the aforesaid building and premises.

2

8. That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** maintained the aforesaid building and premises.

9. That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** controlled the aforesaid building and premises.

10. That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** controlled the aforesaid building and premises

11. That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** managed the aforesaid building and premise

12. That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** managed the aforesaid building and premises

13. That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** was the Developer of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

14. That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** was the Developer of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York

15. That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** was a commercial investor of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York

16. That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** was a commercial investor of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York

17. That at all times hereinafter mentioned, the Defendant **IRENE YAGUDAEV**, was a Realtor.

18. That at all times hereinafter mentioned, the Defendant **SOLOMON YAGUDAEV** was a Realtor.

19. That at all times hereinafter mentioned, the Defendant **IRENE YAGUDAEV,** was a Construction Manager.

20. That at all times hereinafter mentioned, the Defendant **SOLOMON YAGUDAEV,** was a Construction Manager.

21. That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, Defendant **IRENE YAGUDAEV** hired and/or retained non party **NRG MAGIC CONSTRUCTION** to perform work at the aforesaid premises.

22. That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON YAGUDAEV** hired and/or retained non party **NRG MAGIC CONSTRUCTION** to perform work at the aforesaid premises.

23. That non party **NRG MAGIC CONSTRUCTION** was hired and/or retained pursuant to a written contract or agreement.

24. That at all times hereinafter mentioned and on or before October 20, 2017 **NRG MAGIC CONSTRUCTION** was hired to be the general contractor for the construction of a multi-family property at 110-48 Jewel Avenue, Queens, New York.

25. That at all times hereinafter mentioned and on or before October 20, 2017 **NRG MAGIC CONSTRUCTION** was hired to be the general contractor for the construction of a commercial property at 110-48 Jewel Avenue, Queens, New York.

26. That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **IRENE YAGUDAEV** entered into a contract with non party NRG Magic Construction, to perform certain work, labor and services at the aforesaid time and place.

27. That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON YAGUDAEV** entered into a contract with non party NRG Magic Construction, to perform certain work, labor and services at the aforesaid time and place.

28. That on October 20, 2017, the Plaintiff **RAFAEL FIGUEROA** was an employee of non party **NRG MAGIC CONSTRUCTION.**

4

29. That on October 20, 2017 plaintiff, Rafael Figueroa, was legally and lawfully upon the aforementioned premises in the course of his employment.

30. That on October 20, 2017 on at the aforementioned premises, the plaintiff was injured during the course of his employment as a result of the negligence of the defendants.

31. That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendants, and each of them, their agents, servants and/or employees were engaged in performing, controlling, directing and overseeing construction work, labor and/or services upon the premises located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

32. That the Defendants and each of them, their agents, servants and/or employees had a duty to provide the Plaintiff with a safe place to work.

33. That on October 20, 2017, and prior thereto, the Defendants, and each of them, their agents, servants and/or employees, carelessly, negligently and recklessly, suffered and permitted the aforesaid building, fixtures and appurtenances therein to be, become and remain in a defective, dangerous and hazardous condition.

34. That the Defendants, and each of them, were negligent and careless in that they violated their duty to the public, and to this Plaintiff, Rafael Figueroa, in particular, in knowingly suffering and allowing the aforesaid building, fixtures and appurtenances thereto, to be, become and remain in a defective and dangerous condition and Defendants and each of them, their agents, servants, employees and/or contractors, were further negligent in failing to take suitable precautions for the safety of persons lawfully using and/or working within said building.

35. That the Defendants, and each of them their agents, servants, employees and/or contractors had a non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

36. That on October 20, 2017, while Plaintiff **RAFAEL FIGUEROA** was lawfully and carefully working at the aforesaid premises, he was caused to fall two stories, through an unprotected, inadequately protected opening/hole, by reason of the negligence of the Defendants and

5

each of them, their agents, servants and/or employees in the ownership, operation, direction, supervision, inspection, possession, control, construction, renovation, rehabilitation and/or alteration of the said premises and Plaintiff sustained the injuries hereinafter alleged.

37. That the Defendants and each of them, their agents, servants, employees and/or contractors were negligent, careless and reckless in the ownership, operation, maintenance, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the Plaintiff with a safe place to work; and the Defendants were otherwise negligent, reckless and careless.

38. That the Defendants and each of them, their agents, servants, employees and/or contractors created the dangerous and defective condition existing upon the worksite.

39. That the Defendants and each of them, their agents, employees and/or contractors had actual and/or constructive notice of the dangerous and defective conditions existing upon the worksite.

40. That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants, employees and contractors without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

41. That by reason of the foregoing, the Plaintiff has been rendered sick, sore, lame, maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend, and will expend in the future, sums of money for medical aid and attention, and that by reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF RAFAEL FIGUEROA**

42. Plaintiff **RAFAEL FIGUEROA** repeats, reiterates and realleges each and every allegation contained in the paragraphs number "1" through "41" with the same force and effect as though set forth at length herein

43. That on October 20, 2017, there existed in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

44. That by reason of the negligence of the Defendants and each of them, as aforesaid, the said Defendants and each of them violated Section 200 of the Labor Law of the State of New York.

45. That Defendants failed to provide a working environment that was so constructed, equipped arranged, operated and/or conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein and in particular this Plaintiff, **RAFAEL FIGUEROA**.

46. That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF RAFAEL FIGUEROA

47. Plaintiff **RAFAEL FIGUEROA** repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through "46", together with the same force and effect as though set forth at length herein.

48. That on October 20, 2017, there existed in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York

49. That the Defendants, their officers, agents, employees and/or contractors did not furnish, erect or cause to be erected, for the purpose of construction at the said premises, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices required to provide protection for the Plaintiff.

50. That by reason of the negligence of the Defendants, their officers, agents, servants, employees and/or contractors, as aforesaid, the said Defendants and each of them, violated Section 240 of the Labor Law of the State of New York.

51. That that said violation of Section 240 of the Labor Law of the State of New York was the proximate cause of the injuries and damages sustained by the Plaintiff.

52. That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF RAFAEL FIGUEROA

53. Plaintiff **RAFAEL FIGUEROA** repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through "52", together with the same force and effect as though set forth at length herein.

54. That on October 20, 2017, there existed in full force and effect, within the State of New York, Section 241 of the Labor Law of the State of New York.

55. That by reason of the negligence of the Defendants, their officers, agents, servants employees and/or contractors, as aforesaid, the said Defendants and each of them, violated Section 241(6) of the Labor Law of the State of New York.

56. That the Defendants, their officers, agents servants, employees and/or contractors had a duty to cause the construction site to be so constructed, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting the same.

57. That the Defendants, their officers, agents servants, employees and/or contractors and each of them breached its duty to provide reasonable and adequate protection to the persons employed at the site and in particular the Plaintiff.

58. At all times herein mentioned the Defendants their officers, agents servants, employees and/or contractors negligently violated the Rules and Regulations of the Board of Standard and Appeals, Industrial Code Part 23, including but not limited to Rule 23-1.5(a); 23-1.17(b); 23-1.7(e)(1); 23-1.7(f); 23-1.15; 23-1.16; 23-1.17; 23-2.4; 23-2.5; and various parts of the OSHA Regulations.

8

59. That the said violation of Section 241(6) of the Labor Law of the State of New York was the proximate cause of the injuries and damages to the Plaintiff.

60. That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein on all causes of action, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:          Farmingdale, New York
                  November 19, 2018

Yours, etc.

*Evelyn F. Gross*
EVELYN F. GROSS
Grey and Grey, LLP
Attorneys for Plaintiff(s)
RAFAEL FIGUEROA
360 Main Street
Farmingdale, New York 11735
516.249.1342
Our File No. 17-0702

9

## ATTORNEY'S VERIFICATION

EVELYN F. GROSS, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at GREY AND GREY, LLP, attorneys of record for Plaintiff(s), Rafael Figueroa. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:   Farmingdale, New York
         November 19, 2018

*Evelyn F. Gross*
EVELYN F. GROSS

10

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

RAFAEL FIGUEROA,

       Plaintiff

-against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

       Defendants

**SUMMONS AND VERIFIED COMPLAINT**

**Grey and Grey, LLP**
*Attorneys for Plaintiff*
360 Main Street
Farmingdale, New York 11735
516.249.1342

TO:

BGB File No. 28-13382
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------X
RAFAEL FIGUEROA,

                      Plaintiff,

              -against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                      Defendants.
---------------------------------------------------------------------X

Index No.: 33227/2018E

**CERTIFICATION PURSUANT TO PART 130**

The accompanying papers are served/filed pursuant to Section 130-1.1-a:

[X]   Answer
[ ]   Demand for Change of Venue
[X]   Demand for Bill of Particulars
[X]   Notice for Discovery and Inspection
[X]   Demand for Expert Information
[X]   Notice for EBT
[X]   Demand for Insurance Disclosure
[X]   Demand for Trial Authorizations
[X]   Medicare/Medicaid Discovery Demand
[X]   Notice for Electronic Data and Information

Dated: Garden City, New York
        December 24, 2018

                                      Yours etc.,
                                      BRAND, GLICK & BRAND, P.C.
                                      Attorneys for Defendants

                            By: _____
                                      ROMAN J. SHAKH, ESQ.
                                      600 Old Country Road, Suite 440
                                      Garden City, New York 11530
                                      (516) 746-3500

To:   EVELYN G. GROSS, ESQ.
       GREY & GREY, LLP
       Attorneys for Plaintiff
       360 Main Street
       Farmingdale, New York 11735
       (516)249-1342