# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X

RAFAEL FIGUEROA,                                    Index No.: 33227/2018E

                        Plaintiff,                  **ANSWER**

            -against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                        Defendants,
-----------------------------------------------------------------------X

Defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV by their attorneys,

BRAND, GLICK & BRAND, P.C., answering the Verified Complaint of the plaintiff(s), allege

as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.      Deny knowledge or information sufficient to form a belief as to each and every

allegation contained in the paragraphs of the complaint designated "1", "2", "25", "28" and "29".

2.      Deny each and every allegation contained in the paragraphs of the complaint

designated "5" through "24", "26", "27", "30" through "41".

## AS AND FOR A SECOND CAUSE OF ACTION

3.      Defendant repeats, reiterates and realleges each and every denial and other response

in the paragraphs of the complaint designated "1" through "41", as if more fully set forth in answer

to the paragraph of the complaint designated "42" and each and every part thereof.

4.      Deny knowledge or information sufficient to form a belief as to each and every

allegation contained in the paragraphs of the complaint designated "43" and "44" and refer all

questions of law to this Honorable Court.

5.      Deny each and every allegation contained in the paragraphs of the complaint

designated "45" and "46".

## AS AND FOR A THIRD CAUSE OF ACTION

6. Defendant repeats, reiterates and realleges each and every denial and other response in the paragraphs of the complaint designated "1" through "46", as if more fully set forth in answer to the paragraph of the complaint designated "47" and each and every part thereof.

7. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "48", "49" and "50" and refer all questions of law to this Honorable Court.

8. Deny each and every allegation contained in the paragraphs of the complaint designated "51" and "52".

## AS AND FOR A FOURTH CAUSE OF ACTION

9. Defendant repeats, reiterates and realleges each and every denial and other response in the paragraphs of the complaint designated "1" through "52", as if more fully set forth in answer to the paragraph of the complaint designated "53" and each and every part thereof.

10. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "54" and refer all questions of law to this Honorable Court.

11. Deny each and every allegation contained in the paragraphs of the complaint designated "55" through "60".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. The Complaint fails to state a claim against answering DEFENDANTS upon which relief can be granted.

Answering defendants were not working at the job site at the time of the alleged incident; had

no duties with respect to the worksite at the time of the alleged incident; and, had no contractual obligations relating to the worksite and work being performed at the time of the alleged incident.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.    The acts and conditions complained of by Plaintiff, if in fact they occurred or existed, are the result of the conduct of third persons and entities over which answering DEFENDANTS exercised no control or right of control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.    Plaintiffs claims are barred or limited for failure to mitigate damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE DEFENDANT

15.    Answering defendants breached no duty of care to Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.    Any damages claimed by Plaintiff, said damages being specifically denied by answering DEFENDANTS, were caused by the culpable conduct of Plaintiff, including contributory negligence and assumption of the risk and not by any culpable conduct or negligence on the part of answering DEFENDANTS.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.    Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by Plaintiff for personal injury has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources as defined in CPLR § 4545 and, therefore, Plaintiff is not the real party in interest with respect to said expenses.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18.    Any damages that are deemed to be recoverable against answering DEFENDANTS, said damages and recovery being specifically denied by answering DEFENDANT,

must be diminished by the amount of the funds which Plaintiff shall receive from the aforesaid collateral source(s).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.    To the extent Plaintiff has recovered or will recover a settlement, verdict or judgment against another tort-feasor, or one claimed to be a tort-feasor, for damages claimed as a result of the event(s) complained of herein, or for other damages suffered by Plaintiff either prior to or subsequent to the event(s) complained of herein which caused, contributed to, or were exacerbated by, the damages claimed herein, answering DEFENDANT shall be entitled to a hearing pursuant to CPLR § 4533-b to determine their entitlement to a setoff in accord with General Obligations Law § 15-108 or such other case Jaw or statutes applying to the same.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20.    All injuries complained of by Plaintiff pre-existed the alleged accident, said injuries and accident being specifically denied.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21.    Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

22.    Plaintiff's claims have been waived.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

23.    Plaintiff failed to give notice of the claim and/or damages allegedly suffered as required by law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred by estoppel.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

25.  Plaintiff's claims are barred by laches.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

26.  Plaintiff has failed to join necessary and/or indispensable party(s) under CPLR 1001.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

27.  Plaintiff's claims are barred to the extent that Plaintiff and/or others have spoliated evidence material and relevant to their claims.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

28.  This Court does not have jurisdiction over answering DEFENDANTS because answering DEFENDANTS were not properly served with Plaintiffs Summons and Verified Complaint.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

29.  If any liability is found against answering DEFENDANTS, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of answering DEFENDANT to Plaintiff for economic loss shall be limited and shall not exceed. Answering DEFENDANT's equitable share, as provided in Article 16 of the CPLR.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

30.  Plaintiff has failed to assert a viable claim against answering DEFENDANTS under New York Labor Law as answering DEFENDANTS did not owe any duty to the allegedly injured Plaintiff, did not have supervisory control over Plaintiff, did not have notice of a dangerous condition which produced the alleged injury and/or did not direct or control the means, manner and methods by which Plaintiff worked at the site.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

31.     Upon information and belief, the injuries and damages alleged in the Plaintiffs' Complaint were caused, or contributed to, by the culpable conduct of some third person or persons over whom the answering Defendant exercised no authority or control.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

32.     That Plaintiffs' injuries, if any, were caused by intervening and superseding factors over which answering DEFENDANTS exercised no control.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

33.     Answering DEFENDANTS breached no duty of care to the Plaintiff.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

34.     Plaintiffs claims are barred because no proximate causation exists between the alleged actions or omissions of answering DEFENDANTS and the damages alleged by the Plaintiff.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

35.     The comparative fault of the Plaintiff bars this action and/or diminishes the liability of answering DEFENDANTS.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

36.     Pursuant to CPLR Article 16, the liability of DEFENDANT to the Plaintiff for non-economic loss shall not exceed the equitable share of the Answering Defendant, determined in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

37.     The claims are barred as the conditions complained of were open and obvious.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

38.     At all times relevant, answering DEFENDANTS complied with all applicable laws,

rules, statutes, codes,

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

39.     In the event Plaintiffs seeks to recover a verdict or judgment against answering

DEFENDANTS, then said verdict or judgment must exclude or be reduced by those amounts which

have been, or will with reasonable certainty replace or indemnify Plaintiffs, in whole or in part, for

any past or future medical costs, health care, life care, or other economic loss or the benefit that is

offered or provided under or in connection with the Patient Protection and Affordable Care Act.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

40.     To the extent Plaintiff failed to obtain coverage available to him individually

and/or as a family member which he was eligible to obtain, and/or failed to take reasonable steps to

protect himself from medical costs, health care or life care costs, or other economic loss, or to avail

himself of the benefits and coverage available under the Patient Protection and Affordable Care Act,

Plaintiff has failed to mitigate damages and cannot recover for such failure.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

41.     With regard to Plaintiffs failure to mitigate damages, the defense reserves the

right to offer proof of the costs of premiums and out-of-pocket limits that were made available to

Plaintiff under the Patient Protection and Affordable Care Act, and to offer proof as to the medical

costs which Plaintiff will not incur under the Patient Protection and Affordable Care Act.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

42.     To the extent that any covenant, promise, agreement or understanding by and

between the parties hereto purports to indemnify or hold harmless any such parties from and against

the consequence of their own negligent acts, said covenant, promise, agreement or an understanding

is void as against public policy

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

43.     That upon information and belief, the injuries allegedly sustained by plaintiff

were the result of the acts of independent contractors over whose work DEFENDANTS exercised

no direction or control.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

44.     The plaintiff failed to use or misused the available, safe and appropriate safety

equipment.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

45.     The plaintiffs own negligence was the sole proximate cause of his injuries.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

46.     Answering DEFENDANTS allege that plaintiffs alleged injuries and damages were

solely and proximately caused by the intervening negligence, carelessness, gross negligence,

willfulness, wantonness, recklessness, and/or intentional conduct of an independent third party.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

47.     The negligence of those responsible for the accident or the occurrence alleged in the

Complaint constituted a separate, independent, superseding, intervening culpable act or acts which

constitute the sole proximate cause of the accident or occurrence alleged.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

47.     Where Plaintiff disregarded warnings, safety measures and training, insofar as

Plaintiff was a recalcitrant worker whose conduct caused and/or contributed to the alleged damages

or injuries, Plaintiff's recoverable damages must be reduced in proportion to which the culpable

conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

49.     Plaintiff failed to take reasonable and/or adequate steps and precautions for his own

safety.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

50.     Plaintiffs' speculative, uncertain and/or contingent damages have not accrued and are

not recoverable.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

51.     Answering DEFENDANTS are  not liable to Plaintiffs to the extent that

DEFENDANT did not have sufficient control over the allegedly injury-producing work.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

52.     To the extent Plaintiff asserts claims that are inconsistent and/or contradict each

other, such claims are barred.

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

53.     Answering DEFENDANTS did not create any defect or unsafe condition on the

property at issue.

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

54.     Answering DEFENDANTS did not have actual notice or constructive notice

of any defect and/or unsafe condition on the property at issue.

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

55.     Answering DEFENDANTS did not direct or control the site, the work,

safety or personal protective equipment for Plaintiff. DEFENDANT did not possess the authority

to direct, supervise or control the activity that resulted in Plaintiffs alleged injuries. DEFENDANTS

did not control the manner or methods by which Plaintiff performed his work.

## AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

56.     Plaintiffs claims are barred, in whole or in part, because answering DEFENDANTS did not owe any legal duty to Plaintiffs or if they owed a legal duty to Plaintiffs they did not breach that duty.

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

57.     Answering DEFENDANTS reserve their right to supplement these affirmative defenses up to and including the time of trial. Defendant reserves the right to amend and/or supplement it Verified Answer to assert such additional defenses and/or cross-claims upon continuing discovery in this matter.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

58.     Process was insufficient.

**WHEREFORE**, answering defendant(s)  demand(s) judgment dismissing the complaint herein, together with the costs and disbursements of this action; and in the event the plaintiff(s) recover any sum of money against the answering defendant(s), together with such other and further relief as is proper.

Dated: Garden City, New York
        December 24, 2018

                                        Yours etc.,

                                        BRAND, GLICK & BRAND, P.C.
                                        Attorneys for Defendant(s)

                        By:
                                        ROMAN J. SHAKH, ESQ.
                                        600 Old Country Road, Suite 440
                                        Garden City, New York 11530
                                        (516) 746-3500

TO:   EVELYN G. GROSS, ESQ.
GREY & GREY, LLP
Attorneys for Plaintiff
360 Main Street
Farmingdale, New York 11735
(516)249-1342

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X

RAFAEL FIGUEROA,

Index No. 33227/2018E

Plaintiff,

-against-

**DEMAND FOR A VERIFIED
BILL OF PARTICULARS**

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

Defendants.
-----------------------------------------------------------------------X

S I R S:

PLEASE TAKE NOTICE, that defendants, hereby demand that you serve upon the undersigned, within twenty (20) days from date of service herein, a verified Bill of Particulars concerning the following matters:

1.   (a) Plaintiff(s) date of birth;
     (b) Plaintiff(s) Social Security Number.

2.   Post office and residence address of each plaintiff.

3.   The date and approximate time of day of the occurrence.

4.   The approximate location of the occurrence.

5.   The manner in which it occurred.

6.   A general statement of the acts or omissions constituting the negligence claimed. If any violation of any rule, law, custom, ordinance or statute is claimed, identify and specify the provisions of same.

7.   A statement of the injuries claimed to have been sustained as a result of the occurrence, and the nature and extent thereof.

8.   A statement of such injuries claimed to be permanent and the nature and extent thereof.

9.   Length of time and dates confined to bed and house.

10.  Length of time and dates incapacitated from employment.

11. Itemize all amounts claimed as special damages for:
(a) Physicians' services; (b) Medical supplies; (c) Hospital expenses; (d) Nurses' services; (e) Loss of earnings; and, (f) All other special damages.

12. State the name and address of plaintiff's employer at the time of the occurrence, if any; nature of plaintiff's employment and amount of salary.

13. If plaintiff(s) was/were self-employed at the time of the occurrence, state the facts upon which plaintiff(s) bases his/her/their claim for loss of earnings, if any.

14. If property damages are claimed, describe the article, the damage thereto, date of purchase, original cost and cost of repair.

15. If property damage to an automobile is claimed, state the following: (a) the make, style, model year of manufacture, serial number and license number of plaintiff's motor vehicle; and (b) the parts of the motor vehicle alleged to have been damaged and the cost of repair or replacement thereof.

16. Whether it is claimed that the  had actual or constructive notice of the alleged defective condition.

17. If actual notice is claimed, set forth the date and to whom notice was given; if constructive notice is claimed, set forth the length of time it is alleged said condition existed.

18. State if any of the amounts in answer to Paragraph "11" have been paid under coverage afforded by the Comprehensive Automobile Insurance Reparation Act.

19. The amount of such payment. List each item separately.

20. Name of insurance company making such payment.

21. State in what respect plaintiff will claim to have sustained (1) a "serious injury'" or (2) economic loss greater than "basic economic loss", as is required and defined under the Insurance Law, Section 5102(a) and (b).

22. State whether or not plaintiff(s) has/have had any prior injury/treatment to the same body parts or it is claimed that any pre-existing injury, neurological disturbance, psychiatric condition or physical condition of the plaintiff(s) had been aggravated as a result of the occurrence. If so: (1) specify each pre-existing condition that had been aggravated; and (2) state the manner in which each such condition had been aggravated.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to comply with the foregoing Demand, answering defendant(s) will move for an Order of Preclusion herein, pursuant to the Rules of this Court.

Dated: Garden City, New York
December 24, 2018

BRAND, GLICK & BRAND, P.C.
Attorneys for Defendants
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X

RAFAEL FIGUEROA,                                        Index No. 33227/2018E

                                    Plaintiff,

                   -against-                            **NOTICE FOR DISCOVERY &**
                                                        **INSPECTION**

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                                    Defendants.
-----------------------------------------------------------------------X

S I R S:

   **PLEASE TAKE NOTICE**, that demand is hereby made of you to serve and deliver to the
undersigned, the following:

   1.   A list of those attorneys who have appeared in this action, together with their
        addresses and the names of each party for whom such attorney has appeared.

   2.   A copy of any statement, written or oral, transcribed or recorded, signed or unsigned,
        given by or on behalf of any answering defendant(s) serving this notice.

   3.   The names and addresses of all persons known:

        a.   To have witnessed the occurrence
        b.   To have first hand knowledge of the occurrence.
        c.   To have notice of the condition which proximately caused the occurrence.
        d.   To have given notice of any existing condition proximately causing the
             occurrence.
        e.   To have first hand knowledge of the damages and/or injuries complained of.

   4.   A copy of any written or recorded reports of the alleged occurrence prepared in the
        course of business operations or practices of any person or entity.

   5.   All photographs of:

        a.   Each plaintiff, showing the injuries or the effects thereof, allegedly sustained
             as a result of the occurrence herein.
        b.   The condition of the scene to be alleged to represent the scene at the time of
             the occurrence and intended to be introduced at the trial.
        c.   The vehicle of any and all parties showing the extent of damages, if any, to
             the vehicle following the alleged occurrence.
        d.   Any instrumentalities involved in the alleged occurrence.

6.  Duly executed and acknowledged authorizations from each plaintiff permitting the undersigned or their representatives to examine and make copies of the no-fault file maintained by any person or entity arising out of any claim for no-fault benefits relative to the occurrence herein.

7.  Copies of all reports of all physicians and others who examined, attended, cared for and treated the plaintiff(s) for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, specifying in full said injuries and conditions, the dates of visits and fees therefor.

8.  Duly executed and acknowledged authorizations permitting the undersigned to obtain copies of all hospital records, and to examine the x-rays thereof, where the injured plaintiff(s) was/were examined, attended, treated and/or confined following the said occurrence.

9.  Duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of the records of all physicians and others who examined, attended, cared for and treated the plaintiff(s) for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, including actual x-rays, test data and interpretations, consultations, diagnoses, prognoses and medical history.

10. Duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of records of all physicians, hospitals and others who examined, attended, cared for and treated the injured plaintiff(s) prior to the alleged occurrence involved in this lawsuit for injuries and conditions to the same parts of the body allegedly injured in said occurrence.

11. If plaintiff(s) is/are claiming lost earnings, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff's/plaintiffs' employment records relevant to the above action. Demand is also made for a copy of plaintiff's/plaintiffs' W-2 forms and income tax returns for the three years preceding the occurrence and the year of the occurrence itself, discoverable under Rule 3120 of the CPLR and the cases of Gillian v. Lepone, 295 N.Y.S.2d 955 and Ortiz v Mary Immaculate Hospital, 368 N.Y.S.2d 57.

12. If plaintiff(s) is/are claiming any disabilities following the occurrence, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff's/plaintiffs' employment records and/or school records which relate to attendance, medical history, treatment and examinations by all physicians, nurses, hospitals and others.

13. Pursuant to CPLR 4545, copies of any and all books, records, bills, insurance applications, insurance receipts, checks, cancelled checks and any and all other

records pertaining to collateral source reimbursements received by plaintiff(s) or on behalf of plaintiff(s) for the special damages alleged in the instant lawsuit.

14. Pursuant to CPLR 4545, duly executed authorizations permitting the defendants to obtain the records of any person, institution, facility or governmental agency which has provided or will provide any reimbursement for any of the special damages alleged herein, whether or not such person, organization, facility or governmental agency has been listed in response to Paragraph "13" above.

15. A copy of the Index Number receipt with respect to this action.

16. A copy of the Affidavit(s) of Service stamped by the Court with respect to this action.

**PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR 2103(5), the offices BRAND, GLICK & BRAND, P.C., will not accept service of papers by facsimile (FAX) transmittal or other electronic means.

**PLEASE TAKE FURTHER NOTICE**, that the within demands are continuing. In the event of your failure to comply with this demand within twenty (20) days hereof, this will exercise its rights pursuant to the Civil Practice Law and Rules and Rules of the Appellate Division, to preclude you from offering any evidence at the trial of this action with respect to the foregoing demands.

Dated: Garden City, New York
December 24, 2018

BRAND, GLICK & BRAND, P.C.
Attorneys for Defendants
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X

RAFAEL FIGUEROA,

Index No. 33227/2018E

Plaintiff,

-against-

**DEMAND FOR EXPERTS**

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

Defendants.
-----------------------------------------------------------------------X

Pursuant to CPLR 310l(d)(l), you are hereby required to provide the answering party herein with the following information:

1.    The name and address of each person who will be called as an expert witness at the trial.

2.    The subject matter on which each expert is expected to testify.

3.    The substance of the facts and opinions on which each expert is expected to testify.

4.    The qualifications of each expert witness.

5.    A summary of the grounds for each expert's opinion.

Dated: Garden City, New York
December 24, 2018

BRAND, GLICK & BRAND, P.C.
Attorneys for Defendants
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

RAFAEL FIGUEROA,                                    Index No. 33227/2018E

                          Plaintiff,

                -against-                            **DEMAND FOR INSURANCE
                                                    DISCLOSURE**

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                          Defendants.
-------------------------------------------------------------------X

S I R S:

  **PLEASE TAKE NOTICE**, that pursuant to CPLR 3101(f) and Rule 3120, you are required
to produce and permit the defendant(s) to inspect and copy the contents of any and all insurance
agreements under which any person carrying on an insurance business may be liable to satisfy part
or all of a judgment which may be entered in this action or to indemnify or reimburse for payments
made to satisfy the judgment.

  The foregoing may either be produced at the office of defendant's/defendants' attorneys listed
below any weekday between 10:00 a.m. and 4:00 p.m., or a true photocopy of said agreements
including the amount of coverage afforded thereunder may be mailed to the office of
defendant's/defendants' attorneys listed below, within twenty days of the date hereof.

  **PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this
demand, a motion will be made seeking to compel such disclosure and adjudge you in contempt of
Court, requesting that the Court impose a fine for such contempt, together with the costs of this
motion.

Dated: Garden City, New York
       December 24, 2018

                                        BRAND, GLICK & BRAND, P.C.
                                        Attorneys for Defendants
                                        600 Old Country Road, Suite 440
                                        Garden City, New York 11530
                                        (516) 746-3500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X

RAFAEL FIGUEROA,                                        Index No. 33227/2018E

                              Plaintiff,

              -against-                          **NOTICE FOR DEPOSITIONS**

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                              Defendants.
------------------------------------------------------------------------X

S I R S:

        **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules,
the undersigned will take the testimony of the adverse party (ies), in the following manner:

        Before :        A Notary Public

        At     :        THE COURTHOUSE - SUPREME/BRONX

        **On     :        January 24, 2019 at: l0:00 A.M.**

upon all of the relevant facts and circumstances surrounding the accident which is the subject of this
action, including negligence, contributory negligence and damages; and for the purposes authorized
by Section 3111 of the Civil Practice Law and Rules, said adverse party (ies) is (are) required to
produce at such examination, the following: Any and all reports, memoranda, documents or other
writings, pertaining to the matter in controversy, in plaintiff's/plaintiff's possession and/or control.

Dated:  Garden City, New York
        December 24, 2018

                                BRAND, GLICK & BRAND, P.C.
                                Attorneys for Defendants
                                600 Old Country Road, Suite 440
                                Garden City, New York 11530
                                (516) 746-3500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

RAFAEL FIGUEROA,                                        Index No. 33227/2018E

                              Plaintiff,

                -against-                        **DEMAND   FOR   TRIAL
                                                 AUTHORIZATIONS**

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                              Defendants.
-------------------------------------------------------------------X

        Pursuant to CPLR 3122(A), you are hereby required to provide the answering party herein
with the following information:

        No later than sixty (60) days after the Note of Issue is filed, served upon the attorneys for
defendant(s) newly signed HIPAA compliant authorizations for all hospital and medical records and
such other records, including x-rays and technicians' report(s) as to be referred to and identified in
the statement of the plaintiffs'/plaintiff's physicians and additional OCA authorizations allowing the
to interview plaintiffs'/plaintiff's treating physicians pursuant to Arons v. Jutkovitz, 9 N.Y.3d 393
(2007).

Dated:  Garden City, New York
        December 24, 2018

                                BRAND, GLICK & BRAND, P.C.
                                Attorneys for Defendants
                                600 Old Country Road, Suite 440
                                Garden City, New York 11530
                                (516) 746-3500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X

RAFAEL FIGUEROA,

Index No. 33227/2018E

Plaintiff,

-against-

**MEDICARE/MEDICAID
DISCOVERY DEMAND**

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

Defendants.
------------------------------------------------------------------------X

S I R S:

PLEASE TAKE NOTICE, that pursuant to Article 31 of the CPLR, the undersigned demands that you produce within twenty (20) days at the offices of the undersigned, 600 Old Country Road, Suite 440, Garden City, New York 11530, or at a mutually convenient location, for the purpose of discovery, inspection, photographing and non-destructive testing, the following:

1.    State your full name;

2.    State your social security number;

3.    State your Medicare/Medicaid Health Insurance claim number;

4.    State your gender;

5.    State your date of birth;

6.    Are you a "MEDICARE/MEDICAID BENEFICIARY"

7.    If you are a MEDICARE/MEDICAID BENEFICIARY, state the type of "MEDICARE/MEDICAID COVERAGE" you are eligible to receive.

8.    If you are a MEDICARE/MEDICAID BENEFICIARY, state the basis for your qualification to receive MEDICARE/MEDICAID COVERAGE.

9.    If you are a MEDICARE/MEDICAID BENEFICIARY, have you received medical treatment that was paid for by Medicare/Medicaid related to the injuries allegedly suffered as a result of this "incident" (incident is defined as the vehicle collision which is the subject of the current lawsuit).

10.     If your response to No. 9 is yes, identify each and every injury allegedly suffered that relate to the incident requiring medical treatment that was paid for by Medicare/Medicaid..

11.     If your response to No. 9 is yes, identify the cost of the treatment for each and every injury allegedly suffered that relate to the incident that was paid for by Medicare/Medicaid.

12.     Are you seeking to recover for future medical expenses as a result of the injuries allegedly suffered that relate to the incident?

13.     If your response to No. 12 is yes, identify each and every injury allegedly suffered that relate to the incident you believe will require future medical expenses.

14.     If your response to No. 12 is yes, state each and every basis for your belief that future medical expenses will be required for the injuries allegedly suffered that relate to the incident.

15.     If your response to No. 12 is yes, provide the method used to calculate the cost of the future medical expenses for the injuries allegedly suffered that relate to the incident.

16.     Produce all documents received by you or your representative from "MEDICARE/MEDICAID" regarding conditional payments made by Medicare/Medicaid on your behalf as a result of the injuries allegedly suffered that relate to this incident. ("MEDICARE" includes Medicare, CMS, COBS, MSPRC or any other entity that has provided information regarding conditional payments made by Medicare on your behalf pursuant to 42 U.S.C.S. 1395y). If none exist, state so.

**PLEASE TAKE FURTHER NOTICE**, that in the event you should fail to comply with this notice for discovery and inspection, a motion will be made seeking to impose sanctions pursuant to CPLR 3126.

Dated:  Garden City, New York
        December 24, 2018

                                BRAND, GLICK & BRAND, P.C.
                                Attorneys for Defendants
                                600 Old Country Road, Suite 440
                                Garden City, New York 11530
                                (516) 746-3500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

RAFAEL FIGUEROA,                                          Index No. 33227/2018E

                              Plaintiff,

              -against-                            **NOTICE OF ELECTRONIC
                                                   DATA AND INFORMATION**

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                              Defendants.
-------------------------------------------------------------------X

       **PLEASE TAKE NOTICE**, that pursuant to CPLR §3120, the plaintiff/plaintiffs is/are hereby required to produce for discovery and inspection by the undersigned attorneys, within thirty (30) days hereof, the following items of electronic data and information within the plaintiff's/plaintiffs' possession and control, including but not limited to:

1.      All relevant electronically stored e-mails, letters, notes, memoranda, and calendar entries from personal computer(s), laptop computer(s), home desktop computer(s), cellular telephone(s), personal digital assistant(s), or any other device with such storage capabilities;

2.      All relevant Instant Message (IM) logs, transcripts, but not limited to stored on hard drive(s), including but not limited to personal computer(s), laptop computer(s), home desktop computer(s), cellular telephone(s), personal digital assistant(s), and computer(s) used at the plaintiff's/plaintiffs' place of employment;

3.      All relevant text messages sent from and received by the plaintiff(s) which are stored on cellular telephone(s), personal digital assistant(s), or any other similar devices(s) with the capability of sending and receiving text messages; and

4.      All relevant voicemail messages stored on cellular telephone(s), home telephone(s), work telephone(s), personal digital assistant(s), or any other device(s) with the capability of receiving and saving voicemail messages.

       **PLEASE TAKE FURTHER NOTICE**, that plaintiff's/plaintiffs' counsel must advise the plaintiff(s) of a "litigation hold" instruction and direct the plaintiff(s) to preserve all relevant electronically stored information (ESI) contained in the aforementioned devices.

       **PLEASE TAKE FURTHER NOTICE**, that this demand is a continuing demand and the demanding party will object at the time of trial to the introduction of any testimony or evidence which flows from the existence of such documents or information which has been produced.

**PLEASE TAKE FURTHER NOTICE**, that unless this demand is timely and fully complied with, an appropriate application will be made seeking relief.

**PLEASE TAKE FURTHER NOTICE**, that any expense involved in duplicating the materials called for in this demand will be promptly reimbursed to the answering party upon representation of a proper bill.

Dated:  Garden City, New York
        December 24, 2018

<div style="margin-left:40%">

BRAND, GLICK & BRAND, P.C.
Attorneys for Defendants
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

</div>

## ATTORNEY VERIFICATION

**ROMAN J. SHAKH, ESQ.**, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms to the truth under the penalties of perjury:

That I am a partner at **BRAND, GLICK & BRAND, P.C.**, the attorneys for defendant(s) in the within action; that affiant has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; that the same is true to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and that those matters affiant believes to be true. Affiant further says that the reason this Affirmation is not by defendant(s) is that Elrac Inc., is a foreign corporation and/or does not reside or maintain its principal place of business within the County wherein affirmant maintains his law office namely, Nassau County.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: statements of the defendant(s) and affiant's own general investigation into the facts and circumstances of this action.

Dated: Garden City, New York
December 24, 2018

ROMAN J. SHAKH, ESQ.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
                ss.:
COUNTY OF NASSAU )

**KUMI WOODARD-PERREIRA**, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Nassau County, New York.

That on the 2nd day of December 2018, deponent served the within: **CERTIFICATION PURSUANT TO PART 130, VERIFIED ANSWER, DEMAND FOR VERIFIED BILL OF PARTICULARS, DEMAND FOR INSURANCE DISCLOSURE, NOTICE FOR DISCOVERY AND INSPECTION, DEMAND FOR EXPERT INFORMATION, NOTICE FOR EXAMINATION BEFORE TRIAL, DEMAND FOR TRIAL AUTHORIZATIONS, MEDICARE/MEDICAID DISCOVERY DEMAND and NOTICE FOR ELECTRONIC DATA AND INFORMATION** upon:

    GREY AND GREY, LLP
    *Attorneys for Plaintiff*
    360 Main Street
    Farmingdale, New York 11735
    (516) 249-1342

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office - official depository under the exclusive care and custody of the United States Postal Service within New York State.

KUMI WOODARD-PERREIRA

Sworn to before me this
24th day of December 2018.

Notary Public

ROMAN J. SHAKH
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6311719
Qualified in Suffolk County
My Commission Expires September 22, 20__

Index No.: 33227/2018E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

RAFAEL FIGUEROA,

Plaintiff,

-against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

Defendants.

## VERIFIED ANSWER
## AND VARIOUS DISCOVERY NOTICES/DEMANDS

## BRAND, GLICK & BRAND, P.C.

Attorneys for Defendant(s)
**600 Old Country Road, Suite 440**
**Garden City, New York 11530**
**(516) 746-3500**
**BGB FILE NO.: 28-13382**