# EXHIBIT "3"

Case 1:19-cv-00210-RA   Document 15   Filed 03/18/19   Page 1 of 1

AO 441 (Rev. 07-10) Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of New York ☐

RAFAEL FIGUEROA
*Plaintiff*

v.

IRENE YAGUDAEV and SOLOMON YAGUDAEV
*Defendant, Third party plaintiff*

v.

NRG MAGIC CONSTRUCTION INC.,
*Third-party defendant*

) ) ) ) ) ) )

Civil Action No. 19-cv-210(RA)

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*  NRG MAGIC CONSTRUCTION INC.
102-10 63rd Road
Forest Hills, NY 11375

A lawsuit has been filed against defendant  IRENE YAGUDAEV et ano, who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff  RAFAEL FIGUEROA   .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:

BRAND GLICK & BRAND, P.C.
600 Old Country Road, Suite 440
Garden City, NY 11530

GREY & GREY, LLP It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
360 Main Street
Farmingdale, NY 11735

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint. You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached. You may – but are not required to - respond to it.

Date:   3/14/2019

*CLERK OF COURT*

/S/ P. NEPTUNE
*Signature of Clerk or Deputy Clerk*

BGB File No.: 28-13382
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RAFAEL FIGUEROA,                                           Civil No. 19-cv-210 (RA)

                                                           **THIRD PARTY**
                                  Plaintiff,                **COMPLAINT**

            - against -

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                                  Defendants.
-----------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                        Third-Party Plaintiffs,

            - against –

NRG MAGIC CONSTRUCTION INC.,

                        Third-Party Defendant,
-----------------------------------------------------------------X

Defendants/Third-Party Plaintiffs, IRENE YAGUDAEV and SOLOMON YAGUDAEV,

by and through their attorneys, BRAND, GLICK & BRAND, P.C., as and for its Third-Party

Complaint against the Third-Party Defendant, NRG MAGIC CONSTRUCTION INC., respectfully

allege as follows upon information and belief:

    1.     That at all times hereinafter mentioned, third-party defendant, NRG MAGIC

CONSTRUCTION INC., was and is a domestic corporation duly authorized to do business in the

State of New York.

    2.     That at all times hereinafter mentioned, third-party defendant, NRG MAGIC

CONSTRUCTION INC., was and is a foreign corporation, and by reason of its doing business in

the State of New York and transacting business in the State of New York, is subject to the

jurisdiction of this Court.

4.    That at all times hereinafter mentioned, third-party defendant, NRG MAGIC CONSTRUCTION INC., maintained a principal place of business at 102-10 63rd Road, Forest Hills, New York 11375.

5.    This action arises out of transactions or occurrences in the State of New York.

6.    That heretofore an action has been commenced in this Court against the defendants/ third-party plaintiffs, IRENE YAGUDAEV and SOLOMON YAGUDAEV, for damages allegedly sustained by plaintiff, RAFAEL FIGUEROA, on or about October 20, 2017, while performing a construction activity at the premises located at 110-48 Jewel Avenue, Queens, New York. A copy of the plaintiff's Summons and Complaint in the within action is annexed hereto and made a part hereof as **Exhibit "A"**.

7.    That on or about December 24, 2018, defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV, answered the plaintiff's Complaint. Defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV, denied and continue to deny all material allegations in plaintiff's Complaint. A copy of the defendant's Verified Answer is annexed hereto as **Exhibit "B"**, and defendants/third-party plaintiffs beg leave to refer to same as if it were more fully set forth at length herein.

8.    That prior to October 20, 2017, third-party defendant, NRG MAGIC CONSTRUCTION INC., entered into a contract and/or agreement to provide certain work and services at the premises located at 110-48 Jewel Avenue, Queens, New York ("the premises").

9.    As part of the aforesaid written contract and/or agreement, third-party defendant undertook various obligations including, but not limited to, perform construction work, labor and/or services upon the premises.

10.    That the plaintiff, RAFAEL FIGUEROA,, has alleged injuries arising out of an accident that occurred on or about October 20, 2017, when he purportedly fell two stories, through

unprotected, inadequately protected opening/hole at the subject premises.

11. That defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV, have generally denied their liability to plaintiff, but notwithstanding such denial, are exposed to damage by reason of possible verdict or judgment.

12. That by reason of such exposure to damage, this impleader is made against third-party defendant, NRG MAGIC CONSTRUCTION INC., by reason of its wrongful conduct in the operation and/or control of the subject premises and its failure to render or the improper rendering of services pursuant to a written contract and/or agreement between defendants and third-party defendant NRG MAGIC CONSTRUCTION INC.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT NRG MAGIC CONSTRUCTION INC.

### COMMON LAW INDEMNIFICATION

13. That defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV, repeat and re-allege each and every allegation contained in paragraphs 1 through 12 of the third-party complaint above with the same force and effect as if set forth at length herein.

14. If plaintiff sustained the injuries and damages complained of in his complaint through any negligence, recklessness, fault or culpable conduct other than his own, such injuries and damages were caused by the wrongful conduct, breach of contract and negligence of third-party defendant, NRG MAGIC CONSTRUCTION INC., in that, among other things, through their agents, servants and employees and/or subcontractors, it failed to properly perform certain work, labor and/or services at the premises and otherwise perform its duties and/or work agreed to be done pursuant to the contract and/or listing agreement with defendants.

18. That although defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV, generally denied, and continues to deny, the allegations of wrongdoing asserted against it, nevertheless, should, be found liable to plaintiff then such liability shall derive from the active and

affirmative wrongdoing of IRENE YAGUDAEV and SOLOMON YAGUDAEV, third-party defendant, NRG MAGIC CONSTRUCTION INC., while any wrongdoing of defendant, IRENE YAGUDAEV and SOLOMON YAGUDAEV, will have been passive and secondary only. By reason thereof, defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV, shall be entitled to complete indemnity from third-party defendant, NRG MAGIC CONSTRUCTION INC.

19.      That by reason thereof defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV, are entitled to full and complete indemnity from the third-party defendant, NRG MAGIC CONSTRUCTION INC.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT NRG MAGIC CONSTRUCTION INC.

#### CONTRIBUTION

20.      That defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV, repeat and re-allege each and every allegation contained in paragraphs 1 through 19 of the third-party complaint above with the same force and effect as if set forth at length herein.

21.      That although IRENE YAGUDAEV and SOLOMON YAGUDAEV generally denied, and continues to deny, the allegations of wrongdoing asserted against it, nevertheless, should IRENE YAGUDAEV and SOLOMON YAGUDAEV  be found liable to plaintiff, and if complete indemnity is not granted in furtherance of the first cause of action hereinabove, then, IRENE YAGUDAEV and SOLOMON YAGUDAEV, are nevertheless, entitled to contribution from NRG MAGIC CONSTRUCTION INC., in proportion to the relative degrees of wrongdoing as between IRENE YAGUDAEV and SOLOMON YAGUDAEV, on one part, and NRG MAGIC CONSTRUCTION INC., on the other part.

22.      That, by reason thereof, IRENE YAGUDAEV and SOLOMON YAGUDAEV, are entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT NRG MAGIC CONSTRUCTION INC.

### CONTRACTUAL INDEMNITY

23.     That defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV, repeat and re-allege each and every allegation contained in paragraphs 1 through 22 of the third-party complaint above with the same force and effect as if set forth at length herein.

24.     That an agreement was made by NRG MAGIC CONSTRUCTION INC., pursuant to which NRG MAGIC CONSTRUCTION INC., undertook to indemnify IRENE YAGUDAEV and SOLOMON YAGUDAEV, for loss or damage sustained by IRENE YAGUDAEV and SOLOMON YAGUDAEV, arising out of the scope of the undertaking of NRG MAGIC CONSTRUCTION INC., including the undertaking at the subject premises.

25.     That demand has been made upon NRG MAGIC CONSTRUCTION INC., or its representatives, to undertake the defense and/or indemnity of IRENE YAGUDAEV and SOLOMON YAGUDAEV, but such has not been undertaken.

26.     That, by reason thereof, IRENE YAGUDAEV and SOLOMON YAGUDAEV, for full indemnity together with those costs incurred by IRENE YAGUDAEV and SOLOMON YAGUDAEV, in the defense of the within action, including, but not limited to, counsel fees and expenses.

27.     That, by reason thereof, IRENE YAGUDAEV and SOLOMON YAGUDAEV, are entitled to judgment against NRG MAGIC CONSTRUCTION INC., for full indemnity together with those costs incurred by IRENE YAGUDAEV and SOLOMON YAGUDAEV, in the defense of the within action, including, but not limited to, counsel fees and expenses.

WHEREFORE, defendant/third-party plaintiffs, IRENE YAGUDAEV and SOLOMON YAGUDAEV, demand judgment against the third-party defendant, NRG MAGIC CONSTRUCTION INC., as follows:

1.     For common law indemnification on the first cause of action;

2.     For contribution on the second cause of action;

3.     For contractual indemnity on the third cause of action;

4.     Together with costs and disbursements of this action.

Dated: Garden City, New York
       March 7, 2019

                                    Yours etc.,

                                    BRAND GLICK & BRAND, P.C.

                                    By:_____
                                          ANNA BANGIYEV
                                          Attorneys for Defendants
                                          600 Old Country Road, Suite 440
                                          Garden City, New York 11530
                                          (516) 746-3500

TO:

       GREY AND GREY, LLP
       *Attorneys for Plaintiff*
       360 Main Street
       Farmingdale, New York 11735
       (516) 249-1342

       NRG MAGIC CONSTRUCTION INC.
       *Third-Party Defendant*
       102-10 63rd Road
       Forest Hills, NY 11375

# EXHIBIT "A"

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E

RECEIVED NYSCEF: 11/19/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X

RAFAEL FIGUEROA,

                                        Plaintiff,

-against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV

                                        Defendant.

-------------------------------------------------------------------------X

Index No.:

Date Purchased:

**SUMMONS**

Plaintiff designates Bronx
County as the place of trial.

The basis of venue is:
PLAINTIFF'S RESIDENCE

Plaintiff resides at:
1025 Boyton Avenue
Bronx, NY 10472
County of BRONX

## To the above named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        Farmingdale, New York
              November 19, 2018

                                        EVELYN F. GROSS
                                        Grey and Grey, LLP
                                        Attorneys for Plaintiff(s)
                                        RAFAEL FIGUEROA
                                        360 Main Street
                                        Farmingdale, New York 11735
                                        516.249.1342

TO:    IRENE YAGUDAEV
       363 Golden Beach Drive
       Golden Beach, FL. 33160

       SOLOMON YAGUDAEV
       363 Golden Beach Drive
       Golden Beach, FL 33160

1 of 11

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM
NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E
RECEIVED NYSCEF: 11/19/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X      Index No.:
RAFAEL FIGUEROA                                                            Date Purchased:

               Plaintiff,

                                           **VERIFIED COMPLAINT**

-against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

               Defendants

--------------------------------------------------------------------X

       Plaintiff, by his attorneys, **GREY AND GREY, LLP,** complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF RAFAEL FIGUEROA

    1.    That at all times herein mentioned, the Plaintiff was, and still is, a resident of the County of Bronx, City and State of New York.

    2.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

    3.    That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** owned the building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

    4.    That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** owned the building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

    5.    That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** operated the aforesaid building and premises.

    6.    That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** operated the aforesaid building and premises.

    7.    That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** maintained the aforesaid building and premises.

2

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E

RECEIVED NYSCEF: 11/19/2018

8.     That at all times herein mentioned, the Defendant **IRENE  YAGUDAEV** maintained the aforesaid building and premises.

9.     That at all times herein mentioned, the Defendant **IRENE  YAGUDAEV** controlled the aforesaid building and premises.

10.    That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** controlled  the aforesaid building and premises

11.    That at all times herein mentioned, the Defendant **IRENE  YAGUDAEV** managed the aforesaid building and premise

12.    That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** managed the aforesaid building and premises

13.    That at all times  herein mentioned, the Defendant **IRENE  YAGUDAEV** was the Developer of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

14.    That at all times herein mentioned, the Defendant **SOLOMON  YAGUDAEV** was the Developer of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York

15.    That at all times herein mentioned, the Defendant **IRENE  YAGUDAEV** was a commercial investor  of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York

16.    That at all times herein mentioned, the Defendant **SOLOMON  YAGUDAEV** was a commercial investor  of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York

17.    That at all times hereinafter mentioned, the Defendant **IRENE YAGUDAEV**, was a Realtor.

18.    That at all times hereinafter mentioned, the Defendant **SOLOMON  YAGUDAEV** was a Realtor.

3

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E

RECEIVED NYSCEF: 11/19/2018

19.     That at all times hereinafter mentioned, the Defendant **IRENE YAGUDAEV**, was a Construction Manager.

20.     That at all times hereinafter mentioned, the Defendant **SOLOMON YAGUDAEV**, was a Construction Manager.

21.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, Defendant **IRENE YAGUDAEV** hired and/or retained non party **NRG MAGIC CONSTRUCTION** to perform work at the aforesaid premises.

22.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON YAGUDAEV** hired and/or retained non party **NRG MAGIC CONSTRUCTION** to perform work at the aforesaid premises.

23.     That non party **NRG MAGIC CONSTRUCTION** was hired and/or retained pursuant to a written contract or agreement.

24.     That at all times hereinafter mentioned and on or before October 20, 2017 **NRG MAGIC CONSTRUCTION** was hired to be the general contractor for the construction of a multi-family property at 110-48 Jewel Avenue, Queens, New York.

25.     That at all times hereinafter mentioned and on or before October 20, 2017 **NRG MAGIC CONSTRUCTION** was hired to be the general contractor for the construction of a commercial property at 110-48 Jewel Avenue, Queens, New York.

26.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **IRENE YAGUDAEV** entered into a contract with non party NRG Magic Construction, to perform certain work, labor and services at the aforesaid time and place.

27.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON YAGUDAEV** entered into a contract with non party NRG Magic Construction, to perform certain work, labor and services at the aforesaid time and place.

28.     That on October 20, 2017, the Plaintiff **RAFAEL FIGUEROA** was an employee of non party **NRG MAGIC CONSTRUCTION**.

4

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E

RECEIVED NYSCEF: 11/19/2018

29.     That on October 20, 2017 plaintiff, Rafael Figueroa, was legally and lawfully upon the aforementioned premises in the course of his employment.

30.     That on October 20, 2017 on at the aforementioned premises, the plaintiff was injured during the course of his employment as a result of the negligence of the defendants.

31.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendants, and each of them, their agents, servants and/or employees were engaged in performing, controlling, directing and overseeing construction work, labor and/or services upon the premises located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

32.     That the Defendants and each of them, their agents, servants and/or employees had a duty to provide the Plaintiff with a safe place to work.

33.     That on October 20, 2017, and prior thereto, the Defendants, and each of them, their agents, servants and/or employees, carelessly, negligently and recklessly, suffered and permitted the aforesaid building, fixtures and appurtenances therein to be, become and remain in a defective, dangerous and hazardous condition.

34.     That the Defendants, and each of them, were negligent and careless in that they violated their duty to the public, and to this Plaintiff, Rafael Figueroa, in particular, in knowingly suffering and allowing the aforesaid building, fixtures and appurtenances thereto, to be, become and remain in a defective and dangerous condition and Defendants and each of them, their agents, servants, employees and/or contractors, were further negligent in failing to take suitable precautions for the safety of persons lawfully using and/or working within said building.

35.     That the Defendants, and each of them their agents, servants, employees and/or contractors had a non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

36.     That on October 20, 2017, while Plaintiff **RAFAEL FIGUEROA** was lawfully and carefully working at the aforesaid premises, he was caused to fall two stories, through an unprotected, inadequately protected opening/hole, by reason of the negligence of the Defendants and

5

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM
NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E
RECEIVED NYSCEF: 11/19/2018

each of them, their agents, servants and/or employees in the ownership, operation, direction, supervision, inspection, possession, control, construction, renovation, rehabilitation and/or alteration of the said premises and Plaintiff sustained the injuries hereinafter alleged.

37.     That the Defendants and each of them, their agents, servants, employees and/or contractors were negligent, careless and reckless in the ownership, operation, maintenance, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the Plaintiff with a safe place to work; and the Defendants were otherwise negligent, reckless and careless.

38.     That the Defendants and each of them, their agents, servants, employees and/or contractors created the dangerous and defective condition existing upon the worksite.

39.     That the Defendants and each of them, their agents, employees and/or contractors had actual and/or constructive notice of the dangerous and defective conditions existing upon the worksite.

40.     That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants, employees and contractors without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

41.     That by reason of the foregoing, the Plaintiff has been rendered sick, sore, lame, maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend, and will expend in the future, sums of money for medical aid and attention, and that by reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF RAFAEL FIGUEROA

42.     Plaintiff **RAFAEL FIGUEROA** repeats, reiterates and realleges each and every allegation contained in the paragraphs number "1" through "41" with the same force and effect as though set forth at length herein

6

43.   That on October 20, 2017, there existed in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

44.   That by reason of the negligence of the Defendants and each of them, as aforesaid, the said Defendants and each of them violated Section 200 of the Labor Law of the State of New York.

45.   That Defendants failed to provide a working environment that was so constructed, equipped arranged, operated and/or conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein and in particular this Plaintiff, **RAFAEL FIGUEROA.**

46.   That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF RAFAEL FIGUEROA

47.   Plaintiff **RAFAEL FIGUEROA** repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through "46", together with the same force and effect as though set forth at length herein.

48.   That on October 20, 2017, there existed in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York

49.   That the Defendants, their officers, agents, employees and/or contractors did not furnish, erect or cause to be erected, for the purpose of construction at the said premises, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices required to provide protection for the Plaintiff.

50.   That by reason of the negligence of the Defendants, their officers, agents, servants, employees and/or contractors, as aforesaid, the said Defendants and each of them, violated Section 240 of the Labor Law of the State of New York.

7

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM
NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E
RECEIVED NYSCEF: 11/19/2018

51.     That that said violation of Section 240 of the Labor Law of the State of New York was the proximate cause of the injuries and damages sustained by the Plaintiff.

52.     That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF RAFAEL FIGUEROA

53.     Plaintiff **RAFAEL FIGUEROA** repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through "52", together with the same force and effect as though set forth at length herein.

54.     That on October 20, 2017, there existed in full force and effect, within the State of New York, Section 241 of the Labor Law of the State of New York.

55.     That by reason of the negligence of the Defendants, their officers, agents, servants employees and/or contractors,  as aforesaid, the said Defendants and each of them,  violated Section 241(6) of the Labor Law of the State of New York.

56.     That the Defendants, their officers, agents servants, employees and/or contractors had a duty to cause the construction site to be so constructed, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting the same.

57.     That the Defendants, their officers, agents servants, employees and/or contractors and each of them breached its duty to provide reasonable and adequate protection to the persons employed at the site and in particular the Plaintiff.

58.     At all times herein mentioned the Defendants their officers, agents servants, employees and/or contractors negligently violated the Rules and Regulations of the Board of Standard and Appeals, Industrial Code Part 23, including but not limited to Rule 23-1.5(a); 23-1.17(b); 23-1.7(e)(1); 23-1.7(f); 23-1.15; 23-1.16; 23-1.17; 23-2.4; 23-2.5; and various parts of the OSHA Regulations.

8

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM
NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E
RECEIVED NYSCEF: 11/19/2018

59.     That the said violation of Section 241(6) of the Labor Law of the State of New York

was the proximate cause of the injuries and damages to the Plaintiff.

60.     That by reason of the foregoing, the Plaintiff has been damaged in a sum which

exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein on all

causes of action, in an amount exceeding the jurisdictional limits of all lower courts which would

otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:      Farmingdale, New York
            November 19, 2018

                                        Yours, etc.

                                        EVELYN F. GROSS
                                        Grey and Grey, LLP
                                        Attorneys for Plaintiff(s)
                                        RAFAEL FIGUEROA
                                        360 Main Street
                                        Farmingdale, New York 11735
                                        516.249.1342
                                        Our File No. 17-0702

9

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E

RECEIVED NYSCEF: 11/19/2018

## ATTORNEY'S VERIFICATION

EVELYN F. GROSS, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:      I am an attorney at GREY AND GREY, LLP, attorneys of record for Plaintiff(s),Rafael Figueroa. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:        Farmingdale, New York
              November 19, 2018

_Evelyn F Gross_
EVELYN F. GROSS

10

FILED: BRONX COUNTY CLERK 11/19/2018 05:31 PM
NYSCEF DOC. NO. 1

INDEX NO. 33227/2018E
RECEIVED NYSCEF: 11/19/2018

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

RAFAEL FIGUEROA,

        Plaintiff

-against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

        Defendants

## SUMMONS AND VERIFIED COMPLAINT

**Grey and Grey, LLP**
*Attorneys for Plaintiff*
**360 Main Street**
**Farmingdale, New York 11735**
**516.249.1342**

TO:

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X

RAFAEL FIGUEROA,

Index No.: 33227/2018E

                     Plaintiff,

**ANSWER**

         -against-

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                  Defendants,

--------------------------------------------------------------------X

     Defendants, IRENE YAGUDAEV and SOLOMON YAGUDAEV by their attorneys,

BRAND, GLICK & BRAND, P.C., answering the Verified Complaint of the plaintiff(s), allege

as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1.     Deny knowledge or information sufficient to form a belief as to each and every

allegation contained in the paragraphs of the complaint designated "1", "2", "25", "28" and "29".

2.     Deny each and every allegation contained in the paragraphs of the complaint

designated "5" through "24", "26", "27", "30" through "41".

### AS AND FOR A SECOND CAUSE OF ACTION

3.     Defendant repeats, reiterates and realleges each and every denial and other response

in the paragraphs of the complaint designated "1" through "41", as if more fully set forth in answer

to the paragraph of the complaint designated "42" and each and every part thereof.

4.     Deny knowledge or information sufficient to form a belief as to each and every

allegation contained in the paragraphs of the complaint designated "43" and "44" and refer all

questions of law to this Honorable Court.

5.     Deny each and every allegation contained in the paragraphs of the complaint

designated "45" and "46".

## AS AND FOR A THIRD CAUSE OF ACTION

6.       Defendant repeats, reiterates and realleges each and every denial and other response in the paragraphs of the complaint designated "1" through "46", as if more fully set forth in answer to the paragraph of the complaint designated "47" and each and every part thereof.

7.       Deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "48", "49" and "50" and refer all questions of law to this Honorable Court.

8.       Deny each and every allegation contained in the paragraphs of the complaint designated "51" and "52".

## AS AND FOR A FOURTH CAUSE OF ACTION

9.       Defendant repeats, reiterates and realleges each and every denial and other response in the paragraphs of the complaint designated "1" through "52", as if more fully set forth in answer to the paragraph of the complaint designated "53" and each and every part thereof.

10.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "54" and refer all questions of law to this Honorable Court.

11.     Deny each and every allegation contained in the paragraphs of the complaint designated "55" through "60".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.     The Complaint fails to state a claim against answering DEFENDANTS upon which relief can be granted.

Answering defendants were not working at the job site at the time of the alleged incident; had

no duties with respect to the worksite at the time of the alleged incident; and, had no contractual obligations relating to the worksite and work being performed at the time of the alleged incident.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.     The acts and conditions complained of by Plaintiff, if in fact they occurred or existed, are the result of the conduct of third persons and entities over which answering DEFENDANTS exercised no control or right of control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.     Plaintiffs claims are barred or limited for failure to mitigate damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE DEFENDANT

15.     Answering defendants breached no duty of care to Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.     Any damages claimed by Plaintiff, said damages being specifically denied by answering DEFENDANTS, were caused by the culpable conduct of Plaintiff, including contributory negligence and assumption of the risk and not by any culpable conduct or negligence on the part of answering DEFENDANTS.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.     Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by Plaintiff for personal injury has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources as defined in CPLR § 4545 and, therefore, Plaintiff is not the real party in interest with respect to said expenses.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18.     Any damages that are deemed to be recoverable against answering DEFENDANTS, said damages and recovery being specifically denied by answering DEFENDANT,

must be diminished by the amount of the funds which Plaintiff shall receive from the aforesaid collateral source(s).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.     To the extent Plaintiff has recovered or will recover a settlement, verdict or judgment against another tort-feasor, or one claimed to be a tort-feasor, for damages claimed as a result of the event(s) complained of herein, or for other damages suffered by Plaintiff either prior to or subsequent to the event(s) complained of herein which caused, contributed to, or were exacerbated by, the damages claimed herein, answering DEFENDANT shall be entitled to a hearing pursuant to CPLR § 4533-b to determine their entitlement to a setoff in accord with General Obligations Law § 15-108 or such other case law or statutes applying to the same.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20.     All injuries complained of by Plaintiff pre-existed the alleged accident, said injuries and accident being specifically denied.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21.     Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

22.     Plaintiff's claims have been waived.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

23.     Plaintiff failed to give notice of the claim and/or damages allegedly suffered as required by law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred by estoppel.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims are barred by laches.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

26.    Plaintiff has failed to join necessary and/or indispensable party(s) under CPLR 1001.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

27.    Plaintiff's claims are barred to the extent that Plaintiff and/or others have spoliated evidence material and relevant to their claims.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

28.    This Court does not have jurisdiction over answering DEFENDANTS because answering DEFENDANTS were not properly served with Plaintiffs Summons and Verified Complaint.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

29.    If any liability is found against answering DEFENDANTS, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of answering DEFENDANT to Plaintiff for economic loss shall be limited and shall not exceed. Answering DEFENDANT's equitable share, as provided in Article 16 of the CPLR.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

30.    Plaintiff has failed to assert a viable claim against answering DEFENDANTS under New York Labor Law as answering DEFENDANTS did not owe any duty to the allegedly injured Plaintiff, did not have supervisory control over Plaintiff, did not have notice of a dangerous condition which produced the alleged injury and/or did not direct or control the means, manner and methods by which Plaintiff worked at the site.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

31.     Upon information and belief, the injuries and damages alleged in the Plaintiffs'

Complaint were caused, or contributed to, by the culpable conduct of some third person or persons

over whom the answering Defendant exercised no authority or control.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

32.     That Plaintiffs' injuries, if any, were caused by intervening and superseding factors

over which answering DEFENDANTS exercised no control.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

33.     Answering DEFENDANTS breached no duty of care to the Plaintiff.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

34.     Plaintiffs claims are barred because no proximate causation exists between the

alleged actions or omissions of answering DEFENDANTS and the damages alleged by the Plaintiff.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

35.     The comparative fault of the Plaintiff bars this action and/or diminishes the

liability of answering DEFENDANTS.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

36.     Pursuant to CPLR Article 16, the liability of DEFENDANT to the Plaintiff for

non-economic loss shall not exceed the equitable share of the Answering Defendant, determined in

accordance with the relative culpability of each person/party causing or contributing to the total

liability for non-economic loss.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

37.     The claims are barred as the conditions complained of were open and obvious.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

38.     At all times relevant, answering DEFENDANTS complied with all applicable laws,

rules, statutes, codes,

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

39.     In the event Plaintiffs seeks to recover a verdict or judgment against answering

DEFENDANTS, then said verdict or judgment must exclude or be reduced by those amounts which

have been, or will with reasonable certainty replace or indemnify Plaintiffs, in whole or in part, for

any past or future medical costs, health care, life care, or other economic loss or the benefit that is

offered or provided under or in connection with the Patient Protection and Affordable Care Act.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

40.     To the extent Plaintiff failed to obtain coverage available to him individually

and/or as a family member which he was eligible to obtain, and/or failed to take reasonable steps to

protect himself from medical costs, health care or life care costs, or other economic loss, or to avail

himself of the benefits and coverage available under the Patient Protection and Affordable Care Act,

Plaintiff has failed to mitigate damages and cannot recover for such failure.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

41.     With regard to Plaintiffs failure to mitigate damages, the defense reserves the

right to offer proof of the costs of premiums and out-of-pocket limits that were made available to

Plaintiff under the Patient Protection and Affordable Care Act, and to offer proof as to the medical

costs which Plaintiff will not incur under the Patient Protection and Affordable Care Act.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

42.     To the extent that any covenant, promise, agreement or understanding by and

between the parties hereto purports to indemnify or hold harmless any such parties from and against

the consequence of their own negligent acts, said covenant, promise, agreement or an understanding is void as against public policy

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

43.     That upon information and belief, the injuries allegedly sustained by plaintiff were the result of the acts of independent contractors over whose work DEFENDANTS exercised no direction or control.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

44.     The plaintiff failed to use or misused the available, safe and appropriate safety equipment.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

45.     The plaintiffs own negligence was the sole proximate cause of his injuries.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

46.     Answering DEFENDANTS allege that plaintiffs alleged injuries and damages were solely and proximately caused by the intervening negligence, carelessness, gross negligence, willfulness, wantonness, recklessness, and/or intentional conduct of an independent third party.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

47.     The negligence of those responsible for the accident or the occurrence alleged in the Complaint constituted a separate, independent, superseding, intervening culpable act or acts which constitute the sole proximate cause of the accident or occurrence alleged.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

47.     Where Plaintiff disregarded warnings, safety measures and training, insofar as Plaintiff was a recalcitrant worker whose conduct caused and/or contributed to the alleged damages or injuries. Plaintiff's recoverable damages must be reduced in proportion to which the culpable

conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

49.     Plaintiff failed to take reasonable and/or adequate steps and precautions for his own

safety.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

50.     Plaintiffs' speculative, uncertain and/or contingent damages have not accrued and are

not recoverable.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

51.     Answering DEFENDANTS are not liable to Plaintiffs to the extent that

DEFENDANT did not have sufficient control over the allegedly injury-producing work.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

52.     To the extent Plaintiff asserts claims that are inconsistent and/or contradict each

other, such claims are barred.

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

53.     Answering DEFENDANTS did not create any defect or unsafe condition on the

property at issue.

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

54.     Answering DEFENDANTS did not have actual notice or constructive notice

of any defect and/or unsafe condition on the property at issue.

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

55.     Answering DEFENDANTS did not direct or control the site, the work,

safety or personal protective equipment for Plaintiff. DEFENDANT did not possess the authority

to direct, supervise or control the activity that resulted in Plaintiffs alleged injuries. DEFENDANTS

did not control the manner or methods by which Plaintiff performed his work.

## AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

56.    Plaintiffs claims are barred, in whole or in part, because answering DEFENDANTS

did not owe any legal duty to Plaintiffs or if they owed a legal duty to Plaintiffs they did not breach

that duty.

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

57.    Answering DEFENDANTS reserve their right to supplement these affirmative

defenses up to and including the time of trial. Defendant reserves the right to amend and/or

supplement it Verified Answer to assert such additional defenses and/or cross-claims upon

continuing discovery in this matter.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

58.    Process was insufficient.

**WHEREFORE**, answering defendant(s)  demand(s) judgment dismissing the complaint

herein, together with the costs and disbursements of this action; and in the event the plaintiff(s)

recover any sum of money against the answering defendant(s), together with such other and further

relief as is proper.

Dated: Garden City, New York
       December 24, 2018

                              Yours etc.,

                              BRAND, GLICK & BRAND, P.C.
                              Attorneys for Defendant(s)

                     By: _____
                              ROMAN J. SHARH, ESQ.
                              600 Old Country Road, Suite 440
                              Garden City, New York 11530
                              (516) 746-3500

TO:   EVELYN G. GROSS, ESQ.
        GREY & GREY, LLP
        Attorneys for Plaintiff
        360 Main Street
        Farmingdale, New York 11735
        (516)249-1342

## ATTORNEY VERIFICATION

ROMAN J. SHAKH, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms to the truth under the penalties of perjury:

That I am a partner at **BRAND, GLICK & BRAND, P.C.**, the attorneys for defendant(s) in the within action; that affiant has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; that the same is true to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and that those matters affiant believes to be true. Affiant further says that the reason this Affirmation is not by defendant(s) is that Elrac Inc., is a foreign corporation and/or does not reside or maintain its principal place of business within the County wherein affirmant maintains his law office namely, Nassau County.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: statements of the defendant(s) and affiant's own general investigation into the facts and circumstances of this action.

Dated: Garden City, New York
      December 24, 2018

                                      ROMAN J. SHAKH, ESQ.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )

ss.:

COUNTY OF NASSAU )

    **KUMI WOODARD-PERREIRA**, being duly sworn, deposes and says:

    Deponent is not a party to this action, is over 18 years of age and resides at Nassau County, New York.

    That on the 2⁴ day of October 2018, deponent served the within: **CERTIFICATION PURSUANT TO PART 130, VERIFIED ANSWER, DEMAND FOR VERIFIED BILL OF PARTICULARS, DEMAND FOR INSURANCE DISCLOSURE, NOTICE FOR DISCOVERY AND INSPECTION, DEMAND FOR EXPERT INFORMATION, NOTICE FOR EXAMINATION BEFORE TRIAL, DEMAND FOR TRIAL AUTHORIZATIONS, MEDICARE/MEDICAID DISCOVERY DEMAND and NOTICE FOR ELECTRONIC DATA AND INFORMATION** upon:

    GREY AND GREY, LLP
    *Attorneys for Plaintiff*
    360 Main Street
    Farmingdale, New York 11735 ·
    (516) 249-1342

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office - official depository under the exclusive care and custody of the United States Postal Service within New York State.

KUMI WOODARD-PERREIRA

Sworn to before me this
2⁴th day of October 2018.

Notary Public

ROMAN J. SHAIKH
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6311719
Qualified in Suffolk County
My Commission Expires September 22, 20__

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    }
                     }    ss.:
COUNTY OF NASSAU     }

MONIKA LUPO, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides in Suffolk County, New York.

That on the _7th_ day of March, 2019, deponent served the within:

### THIRD PARTY SUMMONS
### THIRD PARTY COMPLAINT

upon:

GREY AND GREY, LLP
*Attorneys for Plaintiff*
360 Main Street
Farmingdale, New York 11735
(516) 249-1342

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

**MONIKA LUPO**

Sworn to before me this
_7th_ day of March, 2019

Notary Public

ANNA BANGIYEV
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BA6321610
Qualified in Queens County
My Commission Expires March 23, 2019

Civil No. 19-cv-210 (RA)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------------------------------------------------

RAFAEL FIGUEROA.

                Plaintiff,

    - against -

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                Defendants.
---------------------------------------------------------------------------------------------------------------------------
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                Third-Party Plaintiffs,

    - against –

NRG MAGIC CONSTRUCTION INC.,

                Third-Party Defendant,

## THIRD PARTY COMPLAINT

**BRAND GLICK & BRAND, P.C.**
*Attorneys for Defendant/Third Party Plaintiffs –*
IRENE YAGUDAEV and SOLOMON YAGUDAEV
**600 Old Country Road, Suite 440**
**Garden City, New York 11530**
**(516) 746-3500**

TO:

    GREY AND GREY, LLP
    *Attorneys for Plaintiff*
    360 Main Street
    Farmingdale, New York 11735
    (516) 249-1342

    NRG MAGIC CONSTRUCTION
    INC.
    *Third-Party Defendant*
    102-10 63rd Road
    Forest Hills, NY 11375