UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                      Civil No.: 19-cv-210(RA)
-------------------------------------------------------------------X
RAFAEL FIGUEROA,
                         Plaintiff,

        -against-                                          **SUPPLEMENTAL**
                                                          **SUMMONS**

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,
NEW YORK PLUMBING WORKS, INC., R.C.M
ELECTRIC CORP. and SAL D'AMICO
CONSTRUCTION, INC.,
                         Defendants.
-------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

            Third Party Plaintiffs

        -against-

NRG MAGIC CONSTRUCTION,
                    Third Party Defendant
-------------------------------------------------------------------X

## To the above named Defendants:

        **You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorneys within twenty days after the service of this summons,
exclusive of the day of service, where service is made by delivery upon you personally within
the state, or, within 30 days after completion of service where service is made in any other
manner.  In case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.

Dated:        Farmingdale, New York
              September 10, 2019

              EVELYN F. GROSS
              Grey and Grey, LLP
              Attorneys for Plaintiff(s)
              RAFAEL FIGUEROA
              360 Main Street
              Farmingdale, New York 11735
              516.249.1342

TO:   IRENE YAGUDAEV
363 Golden Beach Drive
Golden Beach, FL 33160
Via Brand Glick & Brand, P.C.

SOLOMON YAGUDAEV
363 Golden Beach Drive
Golden Beach, FL 33160
Via Brand Glick & Brand, P.C.

APS ELECTRIC INC.
257 54th Street, 2nd floor
Brooklyn, NY 11220
Via Secretary of State and Personal Service

GIRON CONTRACTING INC.
147-20 75th Avenue
Kew Garden Hills, NY 11367
Via Secretary of State and Personal Service

INCLINATOR ELEVETTE CO. OF NEW YORK, INC.
1213 Teaneck Road
Teaneck, NJ 07666
Via Secretary of State and Personal Service

NEW YORK PLUMBING WORKS, INC.
109-25 Corona Avenue
Corona, NY 11368
Via Secretary of State and Personal Service

R.C.M. ELECTRIC CORP.
1915 McDonald Avenue, 1st Floor
Brooklyn, NY 11223
Via Secretary of State and Personal Service

SAL D'AMICO CONSTRUCTION, INC.
143-40 23rd Avenue
Whitestone, NY 11357
Via Secretary of State and Personal Service

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
RAFAEL FIGUEROA,

                         Plaintiff,

-against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,
NEW YORK PLUMBING WORKS, INC., R.C.M
ELECTRIC CORP. and SAL D'AMICO
CONSTRUCTION, INC.,

                         Defendants.
----------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                      Third Party Plaintiffs

       -against-

NRG MAGIC CONSTRUCTION,

                      Third Party Defendant.
----------------------------------------------------------------------X

Civil No.: 19-cv-210(RA)

**AMENDED**
**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, **GREY AND GREY, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF RAFAEL FIGUEROA

1.       That at all times herein mentioned, the Plaintiff was, and still is, a resident of the County of Bronx, City and State of New York.

2.       That this action falls within one or more of the exceptions set forth in CPLR §1602.

3.       That defendants **IRENE YAGUDAEV** and **SOLOMON YAGUDAEV** were and still are residents of the State of Florida.

4.      That defendant **APS ELECTRIC INC.** was and still is a domestic business corporation duly authorized to conduct business in the State of New York.

5.      That at all times hereinafter mentioned, defendant **APS ELECTRIC INC.** maintained its principal place of business in the County Kings, City and State of New York.

6.      That at all times hereinafter mentioned, defendant **APS ELECTRIC INC.** does business in the State of New York.

7.      That defendant **GIRON CONTRACTING INC.** was and still is a domestic business corporation duly authorized to conduct business in the State of New York.

8.      That at all times hereinafter mentioned, defendant **GIRON CONTRACTING INC.** maintained its principal place of business in the County Queens, City and State of New York.

9.      That at all times hereinafter mentioned, defendant **GIRON CONTRACTING INC.** does business in the State of New York.

10.     That defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** was and still is a foreign business corporation duly authorized to conduct business in the State of New York.

11.     That at all times hereinafter mentioned, defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** maintained its principal place of business in the State of New Jersey.

12.     That at all times hereinafter mentioned, defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** does business in the State of New York.

13.     That defendant **NEW YORK PLUMBING WORKS, INC.** was and still is a domestic business corporation duly authorized to conduct business in the State of New York.

14.    That at all times hereinafter mentioned, defendant **NEW YORK PLUMBING WORKS, INC.** maintained its principal place of business in the County Queens, City and State of New York.

15.    That at all times hereinafter mentioned, defendant **NEW YORK PLUMBING WORKS, INC.** does business in the State of New York.

16.    That defendant **R.C.M. ELECTRIC CORP.** was and still is a domestic business corporation duly authorized to conduct business in the State of New York.

17.    That at all times hereinafter mentioned, defendant **R.C.M. ELECTRIC CORP.** maintained its principal place of business in the County of Kings, City and State of New York.

18.    That at all times hereinafter mentioned, defendant **R.C.M. ELECTRIC CORP.** does business in the State of New York.

19.    That defendant **SAL D'AMICO CONSTRUCTION, INC.** was and still is a domestic business corporation duly authorized to conduct business in the State of New York.

20.    That at all times hereinafter mentioned, defendant **SAL D'AMICO CONSTRUCTION, INC.** maintained its principal place of business in the County of Queens, City and State of New York.

21.    That at all times hereinafter mentioned, defendant **SAL D'AMICO CONSTRUCTION, INC.** does business in the State of New York.

22.    That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** owned the building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

23.    That at all times herein mentioned, the Defendant **IRENE YAGUDAEV** operated the aforesaid building and premises.

24.     That at all times herein mentioned, the Defendant **IRENE  YAGUDAEV** maintained the aforesaid building and premises.

25.     That at all times herein mentioned, the Defendant **IRENE   YAGUDAEV** controlled the aforesaid building and premises.

26.     That at all times herein mentioned, the Defendant **IRENE   YAGUDAEV** managed the aforesaid building and premise.

27.     That at all times  herein mentioned, the Defendant **IRENE  YAGUDAEV** was the Developer of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

28.     That at all times herein mentioned, the Defendant **IRENE  YAGUDAEV** was a commercial investor  of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York

29.     That at all times hereinafter mentioned, the Defendant **IRENE YAGUDAEV,** was a  Realtor.

30.     That at all times hereinafter mentioned, the Defendant **IRENE YAGUDAEV,** was a Construction Manager.

31.     That at all times herein mentioned, the Defendant **SOLOMON  YAGUDAEV** owned the  building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

32.     That at all times herein mentioned, the Defendant **SOLOMON  YAGUDAEV** operated the aforesaid building and premises.

33.     That at all times herein mentioned, the Defendant **SOLOMON  YAGUDAEV** maintained the aforesaid building and premises.

34.     That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** controlled the aforesaid building and premises

35.     That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** managed the aforesaid building and premises

36.     That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** was the Developer of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York

37.     That at all times herein mentioned, the Defendant **SOLOMON YAGUDAEV** was a commercial investor of a building and structure located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York

38.     That at all times hereinafter mentioned, the Defendant **SOLOMON YAGUDAEV** was a Realtor.

39.     That at all times hereinafter mentioned, the Defendant **SOLOMON YAGUDAEV** was a Construction Manager.

40.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, Defendant **IRENE YAGUDAEV** hired and/or retained third party defendant **NRG MAGIC CONSTRUCTION** to perform work at the aforesaid premises.

41.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON YAGUDAEV** hired and/or retained third party defendant **NRG MAGIC CONSTRUCTION** to perform work at the aforesaid premises.

42.     That third party defendant **NRG MAGIC CONSTRUCTION** was hired and/or retained pursuant to a written contract or agreement.

7

43.     That at all times hereinafter mentioned and on or before October 20, 2017 **NRG MAGIC CONSTRUCTION** was hired to be the general contractor for the construction of a multi-family property at 110-48 Jewel Avenue, Queens, New York.

44.     That at all times hereinafter mentioned and on or before October 20, 2017 **NRG MAGIC CONSTRUCTION** was hired to be the general contractor for the construction of a commercial property at 110-48 Jewel Avenue, Queens, New York.

45.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **IRENE   YAGUDAEV** or her agents entered into a contract with third party defendant N**RG MAGIC CONSTRUCTION**,  to perform certain work, labor and services at the aforesaid time and place.

46.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **IRENE   YAGUDAEV** or her agents entered into a contract with defendant **APS ELECTRIC INC.,** to perform certain work, labor and services at the aforesaid time and place.

47.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **IRENE   YAGUDAEV** or her agents entered into a contract with defendant **GIRON CONTRACTING INC.,**  to perform certain work, labor and services at the aforesaid time and place.

48.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **IRENE   YAGUDAEV** or her agents entered into a contract with defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,**  to perform certain work, labor and services at the aforesaid time and place.

49.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **IRENE  YAGUDAEV** or her agents entered into a contract with defendant **NEW YORK PLUMBING WORKS, INC.,**  to perform certain work, labor and services at the aforesaid time and place.

50.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **IRENE  YAGUDAEV** or her agents  entered into a contract with defendant **R.C.M. ELECTRIC CORP.,**  to perform certain work, labor and services at the aforesaid time and place.

51.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **IRENE  YAGUDAEV** or her agents entered into a contract with defendant **SAL D'AMICO CONSTRUCTION, INC.,**  to perform certain work, labor and services at the aforesaid time and place.

52.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the defendant **SOLOMON  YAGUDAEV** or his agents entered into a contract with third party defendant **NRG MAGIC CONSTRUCTION,**  to perform certain work, labor and services at the aforesaid time and place.

53.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON  YAGUDAEV** or his agents entered into a contract with defendant **APS ELECTRIC INC.,**  to perform certain work, labor and services at the aforesaid time and place.

54.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON  YAGUDAEV** or his agents entered into a contract with defendant **GIRON CONTRACTING INC.,**  to perform certain work, labor and services at the aforesaid time and place.

55.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON YAGUDAEV** or his agents entered into a contract with defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,** to perform certain work, labor and services at the aforesaid time and place.

56.      That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON   YAGUDAEV** or his agents entered into a contract with defendant **NEW YORK PLUMBING WORKS, INC.,** to perform certain work, labor and services at the aforesaid time and place.

57.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON YAGUDAEV** or his agents entered into a contract with defendant **R.C.M. ELECTRIC CORP.,** to perform certain work, labor and services at the aforesaid time and place.

58.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendant **SOLOMON  YAGUDAEV** or his agents entered into a contract with defendant **SAL D'AMICO CONSTRUCTION, INC.,** to perform certain work, labor and services at the aforesaid time and place.

59. That at all times hereinafter mentioned, third party defendant, **NRG MAGIC CONSTRUCTION** entered into a contract with defendant **IRENE YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

60.     That at all times hereinafter mentioned, third party defendant, **NRG MAGIC CONSTRUCTION** entered into a contract with defendant **SOLOMON YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

10

61.     That at all times hereinafter mentioned, third party defendant, **NRG MAGIC CONSTRUCTION** entered into a contract with defendant **APS ELECTRIC INC.** to perform work, labor and services at the aforesaid time and place.

62.     That at all times hereinafter mentioned, third party defendant, **NRG MAGIC CONSTRUCTION** entered into a contract with defendant **GIRON CONTRACTING INC.** to perform work, labor and services at the aforesaid time and place.

63.     That at all times hereinafter mentioned, third party defendant, **NRG MAGIC CONSTRUCTION** entered into a contract with defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** to perform work, labor and services at the aforesaid time and place.

64.     That at all times hereinafter mentioned, third party defendant, **NRG MAGIC CONSTRUCTION** entered into a contract with defendant **NEW YORK PLUMBING WORKS, INC.** to perform work, labor and services at the aforesaid time and place.

65.     That at all times hereinafter mentioned, third party defendant, **NRG MAGIC CONSTRUCTION** entered into a contract with defendant **R.C.M. ELECTRIC CORP.** to perform work, labor and services at the aforesaid time and place.

66.     That at all times hereinafter mentioned, third party defendant, **NRG MAGIC CONSTRUCTION** entered into a contract with defendant **SAL D'AMICO CONSTRUCTION, INC.** to perform work, labor and services at the aforesaid time and place.

67.     That at all times hereinafter mentioned, defendant **APS ELECTRIC INC.** entered into a contract with defendant, **IRENE YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

68.    That at all times hereinafter mentioned, defendant **APS ELECTRIC INC.** entered into a contract with defendant, **SOLOMON YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

69.    That at all times hereinafter mentioned, defendant **APS ELECTRIC INC.** entered into a contract with third party defendant, **NRG MAGIC   CONSTRUCTION** to perform work, labor and services at the aforesaid time and place.

70.    That at all times hereinafter mentioned, defendant, **APS ELECTRIC INC.** entered into a contract with defendant **GIRON CONTRACTING INC.** to perform work, labor and services at the aforesaid time and place.

71.    That at all times hereinafter mentioned, defendant, **APS ELECTRIC INC.** entered into a contract with defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** to perform work, labor and services at the aforesaid time and place.

72.    That at all times hereinafter mentioned, defendant, **APS ELECTRIC INC.** entered into a contract with defendant **NEW YORK PLUMBING WORKS, INC.** to perform work, labor and services at the aforesaid time and place.

73.    That at all times hereinafter mentioned, defendant, **APS ELECTRIC INC.** entered into a contract with defendant **R.C.M. ELECTRIC CORP.** to perform work, labor and services at the aforesaid time and place.

74.    That at all times hereinafter mentioned, defendant, **APS ELECTRIC INC.** entered into a contract with defendant **SAL D'AMICO CONSTRUCTION, INC.** to perform work, labor and services at the aforesaid time and place.

75.     That at all times hereinafter mentioned, defendant, **GIRON CONTRACTING INC.** entered into a contract with defendant **IRENE YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

76.     That at all times hereinafter mentioned, defendant, **GIRON CONTRACTING INC.** entered into a contract with defendant **SOLOMON YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

77.     That at all times hereinafter mentioned, defendant **GIRON CONTRACTING INC.** entered into a contract with third party defendant, **NRG MAGIC  CONSTRUCTION** to perform work, labor and services at the aforesaid time and place.

78.     That at all times hereinafter mentioned, defendant, **GIRON CONTRACTING INC.** entered into a contract with defendant **APS ELECTRIC INC.** to perform work, labor and services at the aforesaid time and place.

79.     That at all times hereinafter mentioned, defendant, **GIRON CONTRACTING INC.** entered into a contract with defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** to perform work, labor and services at the aforesaid time and place.

80.     That at all times hereinafter mentioned, defendant, **GIRON CONTRACTING INC.** entered into a contract with defendant **NEW YORK PLUMBING WORKS, INC.** to perform work, labor and services at the aforesaid time and place.

81.     That at all times hereinafter mentioned, defendant **GIRON CONTRACTING INC.** entered into a contract with defendant **R.C.M. ELECTRIC CORP.** to perform work, labor and services at the aforesaid time and place.

82.     That at all times hereinafter mentioned, defendant, **GIRON CONTRACTING INC.** entered into a contract with defendant **SAL D'AMICO CONSTRUCTION, INC.** to perform work, labor and services at the aforesaid time and place.

83.     That at all times hereinafter mentioned, defendant, **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** entered into a contract with defendant **IRENE YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

84.     That at all times hereinafter mentioned, defendant, **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** entered into a contract with defendant **SOLOMON YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

85.     That at all times hereinafter mentioned, defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** entered into a contract with third party defendant, **NRG MAGIC CONSTRUCTION** to perform work, labor and services at the aforesaid time and place.

86.     That at all times hereinafter mentioned, defendant, **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** entered into a contract with defendant **APS ELECTRIC INC.** to perform work, labor and services at the aforesaid time and place.

87.     That at all times hereinafter mentioned, defendant, **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** entered into a contract with defendant **GIRON CONTRACTING INC.** to perform work, labor and services at the aforesaid time and place.

88.     That at all times hereinafter mentioned, defendant, **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** entered into a contract with defendant **NEW YORK PLUMBING WORKS, INC.** to perform work, labor and services at the aforesaid time and place.

89.     That at all times hereinafter mentioned, defendant, **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** entered into a contract with defendant **R.C.M. ELECTRIC CORP.** to perform work, labor and services at the aforesaid time and place.

90.     That at all times hereinafter mentioned, defendant, **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** entered into a contract with defendant **SAL D'AMICO CONSTRUCTION, INC.** to perform work, labor and services at the aforesaid time and place.

91.     That at all times hereinafter mentioned, defendant, **NEW YORK PLUMBING WORKS, INC.** entered into a contract with defendant **IRENE YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

92.     That at all times hereinafter mentioned, defendant, **NEW YORK PLUMBING WORKS, INC.** entered into a contract with defendant **SOLOMON YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

93.     That at all times hereinafter mentioned, defendant, **NEW YORK PLUMBING WORKS, INC.** entered into a contract with third party defendant **NRG MAGIC CONSTRUCTION.** to perform work, labor and services at the aforesaid time and place.

94.     That at all times hereinafter mentioned, defendant, **NEW YORK PLUMBING WORKS, INC.** entered into a contract with defendant **APS ELECTRIC INC.** to perform work, labor and services at the aforesaid time and place.

95.     That at all times hereinafter mentioned, defendant, **NEW YORK PLUMBING WORKS, INC.** entered into a contract with defendant **GIRON CONTRACTING INC.** to perform work, labor and services at the aforesaid time and place.

96.     That at all times hereinafter mentioned, defendant, **NEW YORK PLUMBING WORKS, INC.** entered into a contract with defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** to perform work, labor and services at the aforesaid time and place.

97.     That at all times hereinafter mentioned, defendant, **NEW YORK PLUMBING WORKS, INC.** entered into a contract with defendant **R.C.M. ELECTRIC CORP.** to perform work, labor and services at the aforesaid time and place.

98.     That at all times hereinafter mentioned, defendant, **NEW YORK PLUMBING WORKS, INC.** entered into a contract with defendant **SAL D'AMICO CONSTRUCTION, INC.** to perform work, labor and services at the aforesaid time and place.

99.     That at all times hereinafter mentioned, defendant, **R.C.M ELECTRIC CORP.** entered into a contract with defendant **IRENE YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

100.    That at all times hereinafter mentioned, defendant, **R.C.M ELECTRIC CORP.** entered into a contract with defendant **SOLOMON YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

101.    That at all times hereinafter mentioned, defendant, **R.C.M. ELECTRIC CORP.** entered into a contract with third party defendant **NRG MAGIC  CONSTRUCTION** to perform work, labor and services at the aforesaid time and place.

102.    That at all times hereinafter mentioned, defendant, **R.C.M ELECTRIC CORP.** entered into a contract with defendant **APS ELECTRIC INC.** to perform work, labor and services at the aforesaid time and place.

103.    That at all times hereinafter mentioned, defendant, **R.C.M ELECTRIC CORP.** entered into a contract with defendant **GIRON CONTRACTING INC.** to perform work, labor and services at the aforesaid time and place.

104.    That at all times hereinafter mentioned, defendant, **R.C.M ELECTRIC CORP.** entered into a contract with defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** to perform work, labor and services at the aforesaid time and place.

105.    That at all times hereinafter mentioned, defendant, **R.C.M. ELECTRIC CORP.** entered into a contract with defendant **NEW YORK PLUMBING WORKS, INC.** to perform work, labor and services at the aforesaid time and place.

106.    That at all times hereinafter mentioned, defendant, **R.C.M ELECTRIC CORP.** entered into a contract with defendant **SAL D'AMICO CONSTRUCTION, INC.** to perform work, labor and services at the aforesaid time and place.

107.    That at all times hereinafter mentioned, defendant, **SAL D'AMICO CONSTRUCTION, INC.** entered into a contract with defendant **IRENE YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

108.    That at all times hereinafter mentioned, defendant, **SAL D'AMICO CONSTRUCTION, INC.** entered into a contract with defendant **SOLOMON YAGUDAEV** to perform work, labor and services at the aforesaid time and place.

109.    That at all times hereinafter mentioned, defendant, **SAL D'AMICO CONSTRUCTION, INC.** entered into a contract with third party defendant **NRG MAGIC CONSTRUCTION** to perform work, labor and services at the aforesaid time and place.

110.   That at all times hereinafter mentioned, defendant, **SAL D'AMICO CONSTRUCTION, INC.** entered into a contract with defendant **APS ELECTRIC INC.** to perform work, labor and services at the aforesaid time and place.

111.   That at all times hereinafter mentioned, defendant, **SAL D'AMICO CONSTRUCTION, INC.** entered into a contract with defendant **GIRON CONTRACTING INC.** to perform work, labor and services at the aforesaid time and place.

112.   That at all times hereinafter mentioned, defendant, **SAL D'AMICO CONSTRUCTION, INC.** entered into a contract with defendant **INCLINATOR ELEVETTE CO. OF NEW YORK, INC.** to perform work, labor and services at the aforesaid time and place.

113.   That at all times hereinafter mentioned, defendant, **SAL D'AMICO CONSTRUCTION, INC.** entered into a contract with defendant **NEW YORK PLUMBING WORKS, INC.** to perform work, labor and services at the aforesaid time and place.

114.   That at all times hereinafter mentioned, defendant, **SAL D'AMICO CONSTRUCTION, INC.** entered into a contract with defendant **R.C.M. ELECTRIC CORP.** to perform work, labor and services at the aforesaid time and place.

115.   That on October 20, 2017, the Plaintiff **RAFAEL FIGUEROA** was an employee of third party defendant **NRG MAGIC CONSTRUCTION.**

116.   That on October 20, 2017 plaintiff, **RAFAEL FIGUEROA**, was legally and lawfully upon the aforementioned premises in the course of his employment.

117.   That on October 20, 2017 on at the aforementioned premises, the plaintiff was injured during the course of his employment as a result of the negligence of the defendants.

18

118.     That at all times hereinafter mentioned, and on, or prior to, October 20, 2017, the Defendants, and each of them,  their agents, servants and/or employees were engaged in performing, controlling,  directing and overseeing construction work, labor and/or services upon the premises located at 110-48 Jewel Avenue, in the County of Queens, City and State of New York.

119.     That the Defendants and each of them,  their agents, servants and/or employees had a duty to provide the Plaintiff with a safe place to work.

120.     That on October 20, 2017, and prior thereto, the Defendants, and each of them, their agents, servants and/or employees, carelessly, negligently and recklessly, suffered and permitted the aforesaid building, fixtures and appurtenances therein to be, become and remain in a defective, dangerous and hazardous condition.

121.     That the Defendants,  and each of them,  were negligent and careless in that they violated their duty to the public, and to this Plaintiff, Rafael Figueroa,  in particular, in knowingly suffering and allowing the aforesaid building, fixtures and appurtenances thereto, to be, become and remain in a defective and dangerous condition and Defendants and each of them, their agents, servants, employees and/or contractors, were further negligent in failing to take suitable precautions for the safety of persons lawfully using and/or working within said building.

122.     That the Defendants, and each of them  their agents, servants, employees and/or contractors had a non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

123.     That on October 20, 2017, while Plaintiff **RAFAEL FIGUEROA** was lawfully and carefully working at the aforesaid premises, he was caused to fall two stories into a pile of debris,   through an unprotected, inadequately protected opening/hole, by reason of the

19

negligence of the Defendants and each of them, their agents, servants and/or employees in the ownership, operation, direction, supervision, inspection, possession, control, construction, renovation, rehabilitation and/or alteration of the said premises and Plaintiff sustained the injuries hereinafter alleged.

124.    That the Defendants and each of them, their agents, servants, employees and/or contractors were negligent, careless and reckless in the ownership, operation, maintenance, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the Plaintiff with a safe place to work; and the Defendants were otherwise negligent, reckless and careless.

125.    That the Defendants and each of them, their agents, servants, employees and/or contractors created the dangerous and defective condition existing upon the worksite.

126.    That the Defendants and each of them, their agents, employees and/or contractors had   actual and/or constructive notice of the dangerous and defective conditions existing upon the worksite.

127.    That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants, employees and contractors  without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

128.    That by reason of the foregoing, the Plaintiff has been rendered sick, sore, lame, maimed and disabled and so remains.  That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend, and will expend in the future, sums of money for medical aid and attention, and that by reason of the foregoing, Plaintiff has been

damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF RAFAEL FIGUEROA

129.    Plaintiff **RAFAEL FIGUEROA** repeats, reiterates and realleges each and every allegation contained in the paragraphs number "1"  through "128" with the same force and effect as though set forth at length herein

130.    That on October 20, 2017, there existed in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

131.    That by reason of the negligence of the Defendants and each of them,   as aforesaid, the said Defendants and each of them  violated Section 200  of the Labor Law of the State of New York.

132.    That Defendants failed to provide a working environment that was so constructed, equipped arranged, operated and/or conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein and in particular this Plaintiff, **RAFAEL FIGUEROA**.

133.    That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF RAFAEL FIGUEROA

134.    Plaintiff **RAFAEL FIGUEROA** repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through   "133", together with the same force and effect as though set forth at length herein.

21

135.    That on October 20, 2017, there existed in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York

136.    That the Defendants, their officers, agents, employees and/or contractors did not furnish, erect or cause to be erected, for the purpose of construction at the said premises, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices required to provide protection for the Plaintiff.

137.    That by reason of the negligence of the Defendants, their officers, agents, servants, employees and/or contractors, as aforesaid, the said Defendants and each of them, violated Section 240 of the Labor Law of the State of New York.

138.    That that said violation of Section 240 of the Labor Law of the State of New York was the proximate cause of the injuries and damages sustained by the Plaintiff.

139.    That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF RAFAEL FIGUEROA

140.    Plaintiff **RAFAEL FIGUEROA** repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through "139", together with the same force and effect as though set forth at length herein.

141.    That on October 20, 2017, there existed in full force and effect, within the State of New York, Section 241 of the Labor Law of the State of New York.

142.    That by reason of the negligence of the Defendants, their officers, agents, servants employees and/or contractors,   as aforesaid, the said Defendants and each of them,  violated Section 241(6)  of the Labor Law of the State of New York.

143.    That the Defendants, their officers, agents servants, employees and/or contractors had a duty to cause the construction site to be so constructed, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting the same.

144.    That the Defendants, their officers, agents servants, employees and/or contractors and each of them breached its duty to provide reasonable and adequate protection to the persons employed at the site and in particular the Plaintiff.

145.    At all times herein mentioned the Defendants their officers, agents servants, employees and/or contractors negligently violated the Rules and Regulations of the Board of Standard and Appeals, Industrial Code Part 23, including but not limited to Rule 23-1.5(a); 23-1.17(b); 23-1.7(e)(1); 23-1.7(e)(2), 23-1.7(f); 23-1.15; 23-1.16; 23-1.17; 23-2.4; 23-2.5; 23-5.1(b); 23-5.1(c); 23.5-1(c)(2) and various parts of the OSHA Regulations.

146.    That the said violation of Section 241(6) of the Labor Law of the State of New York was the proximate cause of the injuries and damages to the Plaintiff.

147.    That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein on all causes of action, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:        Farmingdale, New York
              September 10, 2019

Yours, etc.

Evelyn F. Gross, Esq.
**GREY AND GREY, LLP**
Attorneys for Plaintiff(s)
**RAFAEL FIGUEROA**
360 Main Street
Farmingdale, New York 11735
516.249.1342
Our File No. 17-0702

**ATTORNEY'S VERIFICATION**

EVELYN F. GROSS, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:        I am an attorney at GREY AND GREY, LLP, attorneys of record for Plaintiff(s),Rafael Figueroa.  I have read the annexed **SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.


DATED:        Farmingdale, New York
              September 10, 2019


                                            _____
                                            EVELYN F. GROSS




25