*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

RAFAEL FIGUEROA,                                                   Civil No. : 19-cv-210(RA)

                              Plaintiff,

                    -against-                                      **CERTIFICATION
                                                                  PURSUANT TO PART 130**

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,
NEW YORK PLUMBING WORKS, INC., R.C.M
ELECTRIC CORP. and SAL D'AMICO
CONSTRUCTION, INC.,

                              Defendants.
--------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                         Third Party Plaintiffs,

                    -against-

NGR MAGIC CONSTRUCTION,

                         Third Party Defendant.
--------------------------------------------------------------------X

         The accompanying papers are served/filed pursuant to Section 130-1.1-a:

[x]     Answer to Amended Complaint with Cross-Claims
[x]     Demand for Answer to Cross-Claim
[x]     Demand for Bill of Particulars
[x]     Notice for Discovery and Inspection
[x]     Demand for Expert Witness Information
[x]     Notice to Take Deposition Upon Oral Examination
[x]     Demand for Trial Authorizations
[x]     Demand for Medicare/Medicaid Information
[x]     Notice for Electronic Data Information

Dated: Garden City, New York
        October 14, 2019

*BGB File No. 28-13382 ALB*

Yours etc.,

BRAND, GLICK & BRAND, P.C.
*Attorneys for Defendants, IRENE*
*YAGUDAEV and SOLOMON YAGUDAEV*

By: _____
     Anna Bangiyev, Esq.
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

*BGB File No. 28-13382 ALB*

TO:   GREY & GREY
      Attorneys for Plaintiff
      360 Main Street
      Farmingdale, NY 11735
      (516)249-1342

      APS ELECTRIC, INC.
      257 54th Street, 2nd Floor
      Brooklyn, NY 11220

      GIRGON CONTRACTING INC.
      147-20 75th Avenue
      Kew Garden Hills, NY 11367

      INCLINATOR ELEVETTE CO. OF NEW YORK, INC.
      1213 Teaneck Road
      Teaneck, NJ 07666

      NEW YORK PLUMPING WORKS, INC.
      109-25 Corona Avenue
      Corona, NY 11368

      RCM ELECTRIC CORP.
      1915 McDonald Avenue, 1st Floor
      Brooklyn, NY 11223

      SAL D'AMICO CONSTRUCTION
      143-40 23rd Avenue
      Whitestone, NY 11357

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X      Civil No. : 19-cv-210(RA)
 RAFAEL FIGUEROA,

                                   Plaintiff,

                -against-                                              **ANSWER TO**
                                                                      **AMENDED**
IRENE YAGUDAEV, SOLOMON YAGUDAEV,                                      **COMPLAINT**
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,
NEW YORK PLUMBING WORKS, INC., R.C.M
ELECTRIC CORP. and SAL D'AMICO
CONSTRUCTION, INC.,

                                   Defendants.
-------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                             Third Party Plaintiffs,

                -against-

NGR MAGIC CONSTRUCTION,

                             Third Party Defendant.
-------------------------------------------------------------------X

        Defendants, *IRENE YAGUDAEV and SOLOMON YAGUDAEV* by his attorneys,

**BRAND, GLICK & BRAND, P.C**., answering the Verified Complaint of the plaintiff, allege as

follows:

## AS AND FOR A FIRST CAUSE OF ACTION

        1.      Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in the paragraphs of the complaint designated "1", "2", "4", "5", "6", "7",

"8", "9", "10", "11", "12", "13", "14". "15", "16", "17", "18", "19", "20", "21", "40", "41",

*BGB File No. 28-13382 ALB*

"42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", 83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114" and "115".

2.      Denies each and every allegation contained in the paragraphs of the complaint designated "23", "24", "25", "26", "27", "28", "29", "30", "32", "33", "34", "35", "36", "37", "38", "39", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127" and "128".

## AS AND FOR A SECOND CAUSE OF ACTION

3.      Defendant repeats, reiterates and realleges each and every denial and other response in the paragraphs of the complaint designated "1" through "128", as if more fully set forth in answer to the paragraph of the complaint designated "129" and each and every part thereof.

4.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "130" and "131" and refer all questions of law to this honorable Court.

5.      Denies each and every allegation contained in the paragraphs of the complaint designated "132" and "133".

## AS AND FOR A THIRD CAUSE OF ACTION

6.      Defendant repeats, reiterates and realleges each and every denial and other response in the paragraphs of the complaint designated "1" through "133", as if more fully set

*BGB File No. 28-13382 ALB*

forth in answer to the paragraph of the complaint designated "134" and each and every part thereof.

7.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "135" and "137" and refer all questions of law to this honorable Court.

8.      Denies each and every allegation contained in the paragraphs of the complaint designated "136", "138" and "139".

## AS AND FOR A FOURTH CAUSE OF ACTION

9.      Defendant repeats, reiterates and realleges each and every denial and other response in the paragraphs of the complaint designated "1" through "139", as if more fully set forth in answer to the paragraph of the complaint designated "140" and each and every part thereof.

10.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "141" and refer all questions of law to this honorable Court.

11.     Denies each and every allegation contained in the paragraphs of the complaint designated "142", "143", "144", "145", "146" and "147".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.     The Complaint fails to state a claim against answering  DEFENDANTS upon which relief can be granted. Answering defendants were not working at the job site at the time of the alleged incident; had no duties with respect to the worksite at the time of the alleged incident;

*BGB File No. 28-13382 ALB*

and, had no contractual obligations relating to the worksite and work being performed at the time of the alleged incident.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.     The acts and conditions complained of by Plaintiff, if in fact they occurred or existed, are the result of the conduct of third persons and entities over which answering DEFENDANTS exercised no control or right of control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.     Plaintiffs claims are barred or limited for failure to mitigate damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE DEFENDANT

15.     Answering defendants breached no duty of care to Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.     Any damages claimed by Plaintiff, said damages being specifically denied by answering DEFENDANTS, were caused by the culpable conduct of Plaintiff, including contributory negligence and assumption of the risk and not by any culpable conduct or negligence on the part of answering DEFENDANTS.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.     Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by Plaintiff for personal injury has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources as defined in CPLR § 4545 and, therefore, Plaintiff is not the real party in interest with respect to said expenses.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

*BGB File No. 28-13382 ALB*

18.      Any  damages  that  are  deemed  to  be  recoverable  against  answering
DEFENDANTS,  said  damages  and  recovery  being  specifically  denied  by  answering
DEFENDANT,  must  be  diminished  by  the  amount  of  the  funds  which  Plaintiff  shall  receive
from the aforesaid collateral source(s).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.      To  the  extent  Plaintiff  has  recovered  or  will  recover  a  settlement,  verdict  or
judgment against another tort-feasor, or one claimed to be a tort-feasor, for damages claimed as a
result of the event(s) complained of herein, or for other damages suffered by Plaintiff either prior
to  or  subsequent  to  the  event(s)  complained  of  herein  which  caused,  contributed  to,  or  were
exacerbated  by,  the  damages  claimed  herein,  answering  DEFENDANT  shall  be  entitled  to  a
hearing  pursuant  to  CPLR  §  4533-b  to  determine  their  entitlement  to  a  setoff  in  accord  with
General Obligations Law § 15-108 or such other case Jaw or statutes applying to the same.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20.      All  injuries  complained  of  by  Plaintiff  pre-existed  the  alleged  accident,  said
injuries and accident being specifically denied.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21.      Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

22.      Plaintiff's claims have been waived.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

23.      Plaintiff failed to give notice of the claim and/or damages allegedly suffered as
required by law.

*BGB File No. 28-13382 ALB*

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred by estoppel.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred by laches.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

26.     Plaintiff has failed to join necessary and/or indispensable party(s) under CPLR 1001.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred to the extent that Plaintiff and/or others have spoliated evidence material and relevant to their claims.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

28.     This Court does not have jurisdiction over answering DEFENDANTS because answering DEFENDANTS were not properly served with Plaintiffs Summons and Verified Complaint.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

29.     If any liability is found against answering DEFENDANTS, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of answering DEFENDANT to Plaintiff for economic loss shall be limited and shall not exceed. Answering DEFENDANT's equitable share, as provided in Article 16 of the CPLR.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

30.     Plaintiff has failed to assert a viable claim against answering DEFENDANTS under

*BGB File No. 28-13382 ALB*

New York Labor Law as answering DEFENDANTS did not owe any duty to the allegedly injured Plaintiff, did not have supervisory control over Plaintiff, did not have notice of a dangerous condition which produced the alleged injury and/or did not direct or control the means, manner and methods by which Plaintiff worked at the site.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

31.     Upon information and belief, the injuries and damages alleged in the Plaintiffs' Complaint were caused, or contributed to, by the culpable conduct of some third person or persons over whom the answering Defendant exercised no authority or control.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

32.     That Plaintiffs' injuries, if any, were caused by intervening and superseding factors over which answering DEFENDANTS exercised no control.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

33.     Answering DEFENDANTS breached no duty of care to the Plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

34.     Plaintiffs claims are barred because no proximate causation exists between the alleged actions or omissions of answering DEFENDANTS and the damages alleged by the Plaintiff.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

35.     The comparative fault of the Plaintiff bars this action and/or diminishes the liability of answering DEFENDANTS.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

36.     Pursuant to CPLR Article 16, the liability of DEFENDANT to the Plaintiff for

*BGB File No. 28-13382 ALB*

non-economic loss shall not exceed the equitable share of the Answering Defendant, determined in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

37.     The claims are barred as the conditions complained of were open and obvious.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

38.     At all times relevant, answering DEFENDANTS complied with all applicable laws, rules, statutes, codes,

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

39.     In the event Plaintiffs seeks to recover a verdict or judgment against answering DEFENDANTS, then said verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify Plaintiffs, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

40.     To the extent Plaintiff failed to obtain coverage available to him individually and/or as a family member which he was eligible to obtain, and/or failed to take reasonable steps to protect himself from medical costs, health care or life care costs, or other economic Joss, or to avail himself of the benefits and coverage available under the Patient Protection and Affordable Care Act, Plaintiff has failed to mitigate damages and cannot recover for such failure.

*BGB File No. 28-13382 ALB*

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

41.     With regard to Plaintiffs failure to mitigate damages, the defense reserves the right to offer proof of the costs of premiums and out-of-pocket limits that were made available to Plaintiff under the Patient Protection and Affordable Care Act, and to offer proof as to the medical costs which Plaintiff will not incur under the Patient Protection and Affordable Care Act.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

42.     To the extent that any covenant, promise, agreement or understanding by and between the parties hereto purports to indemnify or hold harmless any such parties from and against the consequence of their own negligent acts, said covenant, promise, agreement or an understanding is void as against public policy

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

43.     That upon information and belief, the injuries allegedly sustained by plaintiff were the result of the acts of independent contractors over whose work DEFENDANTS exercised no direction or control.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

44.     The plaintiff failed to use or misused the available, safe and appropriate safety equipment.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

45.     The plaintiffs own negligence was the sole proximate cause of his injuries.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

*BGB File No. 28-13382 ALB*

46.     Answering DEFENDANTS allege that plaintiffs alleged injuries and damages were solely and proximately caused by the intervening negligence, carelessness, gross negligence, willfulness, wantonness, recklessness, and/or intentional conduct of an independent third party.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

47.     The negligence of those responsible for the accident or the occurrence alleged in the Complaint constituted a separate, independent, superseding, intervening culpable act or acts which constitute the sole proximate cause of the accident or occurrence alleged.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

47.     Where Plaintiff disregarded warnings, safety measures and training, insofar as Plaintiff was a recalcitrant worker whose conduct caused and/or contributed to the alleged damages or injuries, Plaintiff's recoverable damages must be reduced in proportion to which the culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

49.     Plaintiff failed to take reasonable and/or adequate steps and precautions for his own safety.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

50.     Plaintiffs' speculative, uncertain and/or contingent damages have not accrued and are not recoverable.

## AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

51.     Answering DEFENDANTS are  not liable to Plaintiffs to the extent that

*BGB File No. 28-13382 ALB*

DEFENDANT did not have sufficient control over the allegedly injury-producing work.

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

52. To the extent Plaintiff asserts claims that are inconsistent and/or contradict each other, such claims are barred.

## AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

53. Answering DEFENDANTS did not create any defect or unsafe condition on the property at issue.

## AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

54. Answering DEFENDANTS did not have actual notice or constructive notice of any defect and/or unsafe condition on the property at issue.

## AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

55. Answering DEFENDANTS did not direct or control the site, the work, safety or personal protective equipment for Plaintiff. DEFENDANT did not possess the authority to direct, supervise or control the activity that resulted in Plaintiffs alleged injuries. DEFENDANTS did not control the manner or methods by which Plaintiff performed his work.

## AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

56. Plaintiffs claims are barred, in whole or in part, because answering DEFENDANTS did not owe any legal duty to Plaintiffs or if they owed a legal duty to Plaintiffs they did not breach that duty.

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

57. Answering DEFENDANTS reserve their right to supplement these affirmative

*BGB File No. 28-13382 ALB*

defenses up to and including the time of trial. Defendant reserves the right to amend and/or supplement it Verified Answer to assert such additional defenses and/or cross-claims upon continuing discovery in this matter.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

58.  Process was insufficient.

## AS AND FOR CROSS-CLAIMS AGAINST THE DEFENDANTS, APS ELECTRIC INC., GIRON CONTRACTING INC., INCLINATOR ELEVETTE CO. OF NEW YORK, INC., NEW YORK PLUMBING WORKS, INC., R.C.M ELECTRIC CORP. and SAL D'AMICO CONSTRUCTION, INC., THESE DEFENDANTS ALLEGES:

59.  That if the plaintiff sustained the injuries alleged in the manner alleged, all of which have been denied by the answering defendants, then such injuries were caused in whole or in part by the negligence of the co-defendants.

60.  That by reason of the foregoing, the answering defendant is or will be entitled to have judgment over and against the co-defendants in whole or in part, as to any sum awarded to the plaintiff against the answering defendant.

WHEREFORE, defendants demand judgment dismissing the complaint herein, together with the costs and disbursements of this action; and in the event the plaintiff recovers any sum of money against the answering defendant, then the answering defendant demands judgment over against the co-defendants on the cross-claim as to any such amount, together with such other and further relief as is proper.

Dated: Garden City, New York
       October 14, 2019

*BGB File No. 28-13382 ALB*

Yours etc.,

BRAND, GLICK & BRAND, P.C.
*Attorneys for Defendants, IRENE*
*YAGUDAEV and SOLOMON YAGUDAEV*

By: _____
     Anna Bangiyev, Esq.
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X     Civil No.: 19-cv-210(RA)
RAFAEL FIGUEROA,

                          Plaintiff,

          -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,          DEMAND FOR
NEW YORK PLUMBING WORKS, INC., R.C.M                ANSWER TO
ELECTRIC CORP. and SAL D'AMICO                      CROSS-CLAIMS
CONSTRUCTION, INC.,

                          Defendants.
------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                          Third Party Plaintiffs,

          -against-

NGR MAGIC CONSTRUCTION,

                          Third Party Defendant.
------------------------------------------------------------------X
S I R S:

          PLEASE TAKE NOTICE, that pursuant to Rule 30ll of the Civil Practice Law and Rules,
you are hereby required to provide to the undersigned an answer to the cross-claim set forth in
the Answer dated October 14, 2019.

DATED:     Garden City, New York
           October 14, 2019

                                        BRAND, GLICK & BRAND, P.C.
                                        *Attorneys for Defendants, IRENE*
                                        *YAGUDAEV and SOLOMON YAGUDAEV*
                                        600 Old Country Road, Suite 440
                                        Garden City, New York 11530
                                        (516) 746-3500

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Civil No.: 19-cv-210(RA)
 RAFAEL FIGUEROA,

                         Plaintiff,

          -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,        DEMAND FOR
NEW YORK PLUMBING WORKS, INC., R.C.M              VERIFIED BILL
ELECTRIC CORP. and SAL D'AMICO                    OF PARTICULARS
CONSTRUCTION, INC.,

                         Defendants.
-------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                    Third Party Plaintiffs,

          -against-

NGR MAGIC CONSTRUCTION,

                    Third Party Defendant.
-------------------------------------------------------------------X
S I R S:

     **PLEASE TAKE NOTICE**, that defendant, hereby demands that you serve upon the
undersigned, within twenty (20) days from date of service herein, a verified Bill of Particulars
concerning the following matters:

1.     (a)  Plaintiff's date of birth;
       (b)  Plaintiff's Social Security Number.

2.     Post office and residence address of each plaintiff.

3.     The date and approximate time of day of the occurrence.

4.     The approximate location of the occurrence.

*BGB File No. 28-13382 ALB*

5.      The manner in which it occurred.

6.      A general statement of the acts or omissions constituting the negligence claimed. If any violation of any rule, law, custom, ordinance or statute is claimed, identify and specify the provisions of same.

7.      A statement of the injuries claimed to have been sustained as a result of the occurrence, and the nature and extent thereof.

8.      A statement of such injuries claimed to be permanent and the nature and extent thereof.

9.      Length of time and dates confined to bed and house.

10.      Length of time and dates incapacitated from employment.

11.      Itemize all amounts claimed as special damages for: (a) Physicians' services; (b) Medical supplies; (c) Hospital expenses; (d) Nurses' services; (e) Loss of earnings; and, (f) All other special damages.

12.      State the name and address of plaintiff's employer at the time of the occurrence, if any; nature of plaintiff's employment and amount of salary.

13.      If plaintiff was self-employed at the time of the occurrence, state the facts upon which plaintiff bases her claim for loss of earnings, if any.

14.      If property damages are claimed, describe the article, the damage thereto, date of purchase, original cost and cost of repair.

15.      If property damage to an automobile is claimed, state the following:  (a) the make, style, model year of manufacture, serial number and license number of plaintiff's motor vehicle; and (b) the parts of the motor vehicle alleged to have been damaged and the cost of repair or replacement thereof.

16.      Whether it is claimed that they had actual or constructive notice of the alleged defective condition.

17.      If actual notice is claimed, set forth the date and to whom notice was given; if constructive notice is claimed, set forth the length of time it is alleged said condition existed.

18.      State if any of the amounts in answer to Paragraph "11" have been paid under coverage afforded by the Comprehensive Automobile Insurance Reparation Act.

*BGB File No. 28-13382 ALB*

19.   The amount of such payment.  List each item separately.

20.   Name of insurance company making such payment.

21.   State in what respect plaintiff will claim to have sustained (1) a "serious injury"' or (2) economic loss greater than "basic economic loss", as is required and defined under the Insurance Law, Section 5102(a) and (b).

22.   State whether or not plaintiff has had any prior injury/treatment to the same body parts or it is claimed that any pre-existing injury, neurological disturbance, psychiatric condition or physical condition of the plaintiff had been aggravated as a result of the occurrence.  If so: (1) specify each pre-existing condition that had been aggravated; and (2) state the manner in which each such condition had been aggravated.

23.   State whether or not plaintiff's claim has been assigned, in whole or in part. If so: (1) specify the name of the assignee; (2) when the claim, in whole or in part, was assigned; (3) specify if there any agreement relating to the assignment and what the details are; and (4) provide a copy of any agreement.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to comply with the foregoing Demand, answering defendant will move for an Order of Preclusion herein, pursuant to the Rules of this Court.

Dated: Garden City, New York
        October 14, 2019

BRAND, GLICK & BRAND, P.C.
*Attorneys for Defendants, IRENE*
*YAGUDAEV and SOLOMON YAGUDAEV*
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Civil No.: 19-cv-210(RA)
 RAFAEL FIGUEROA,

                              Plaintiff,

          -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,     NOTICE FOR
NEW YORK PLUMBING WORKS, INC., R.C.M           DISCOVERY AND
ELECTRIC CORP. and SAL D'AMICO                 INSPECTION
CONSTRUCTION, INC.,

                           Defendants.
-------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                        Third Party Plaintiffs,

          -against-

NGR MAGIC CONSTRUCTION,

                        Third Party Defendant.
-------------------------------------------------------------------X

S I R S:

    **PLEASE TAKE NOTICE**, that demand is hereby made of you to serve and deliver to the undersigned, the following:

1.     A list of those attorneys who have appeared in this action, together with their addresses and the names of each party for whom such attorney has appeared.

2.     A copy of any statement, written or oral, transcribed or recorded, signed or unsigned, given by or on behalf of any answering defendant serving this notice.

3.     The names and addresses of all persons known:

     a.     To have witnessed the occurrence

*BGB File No. 28-13382 ALB*

    b.      To have first hand knowledge of the occurrence.

    c.      To have notice of the condition which proximately caused the occurrence.

    d.      To have given notice of any existing condition proximately causing the occurrence.

    e.      To have first hand knowledge of the damages and/or injuries complained of.

4.      A copy of any written or recorded reports of the alleged occurrence prepared in the course of business operations or practices of any person or entity.

5.      All photographs of:

    a.      Each plaintiff, showing the injuries or the effects thereof, allegedly sustained as a result of the occurrence herein.

    b.      The condition of the scene to be alleged to represent the scene at the time of the occurrence and intended to be introduced at the trial.

    c.      The vehicle of any and all parties showing the extent of damages, if any, to the vehicle following the alleged occurrence.

    d.      Any instrumentalities involved in the alleged occurrence.

6.      Duly executed and acknowledged authorizations from each plaintiff permitting the undersigned or their representatives to examine and make copies of the no-fault file maintained by any person or entity arising out of any claim for no-fault benefits relative to the occurrence herein.

7.      Copies of all reports of all physicians and others who examined, attended, cared for and treated the plaintiff for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, specifying in full said injuries and conditions, the dates of visits and fees therefor.

8.      Duly executed and acknowledged authorizations permitting the undersigned to obtain copies of all hospital records, and to examine the x-rays thereof, where the injured plaintiff was examined, attended, treated and/or confined following the said occurrence.

9.      Duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of the records of all physicians and others who examined, attended, cared for and treated the plaintiff for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, including actual x-rays, test data and interpretations, consultations, diagnoses, prognoses and medical history.

10.    Duly executed and acknowledged authorizations permitting the undersigned or

their representatives to examine and make copies of records of all physicians, hospitals and others who examined, attended, cared for and treated the injured plaintiff prior to the alleged occurrence involved in this lawsuit for injuries and conditions to the same parts of the body allegedly injured in said occurrence.

11. If plaintiff is claiming lost earnings, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff's employment records relevant to the above action. Demand is also made for a copy of plaintiff's W-2 forms and income tax returns for the three years preceding the occurrence and the year of the occurrence itself, discoverable under Rule 3120 of the CPLR and the cases of Gillian v. Lepone, 295 N.Y.S.2d 955 and Ortiz v Mary Immaculate Hospital, 368 N.Y.S.2d 57.

12. If plaintiff is claiming any disabilities following the occurrence, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff's employment records and/or school records which relate to attendance, medical history, treatment and examinations by all physicians, nurses, hospitals and others.

13. Pursuant to CPLR 4545, copies of any and all books, records, bills, insurance applications, insurance receipts, checks, cancelled checks and any and all other records pertaining to collateral source reimbursements received by plaintiff or on behalf of plaintiff for the special damages alleged in the instant lawsuit.

14. Pursuant to CPLR 4545, duly executed authorizations permitting the defendants to obtain the records of any person, institution, facility or governmental agency which has provided or will provide any reimbursement for any of the special damages alleged herein, whether or not such person, organization, facility or governmental agency has been listed in response to Paragraph "13" above.

15. A copy of the Index Number receipt with respect to this action.

16. A copy of the Affidavit(s) of Service stamped by the Court with respect to this action.

17. If plaintiff has transferred any right or interest in the Claim or any part of the Claim:

    a.   The name of the transferee or holder of the right or interest;
    b.   The date in which the right or interest was transferred; and
    c.   A copy of any agreement relating to the transfer.

**PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR 2l03(5), the offices

*BGB File No. 28-13382 ALB*

BRAND, GLICK & BRAND, P.C., will not accept service of papers by facsimile (FAX) transmittal or other electronic means.

      **PLEASE TAKE FURTHER NOTICE**, that the within demands are continuing.  In the event of your failure to comply with this demand within twenty (20) days hereof, this  will exercise its rights pursuant to the Civil Practice Law and Rules and Rules of the Appellate Division, to preclude you from offering any evidence at the trial of this action with respect to the foregoing demands.

Dated: Garden City, New York
      October 14, 2019

                        BRAND, GLICK & BRAND, P.C.
                        *Attorneys for Defendants, IRENE*
                        *YAGUDAEV and SOLOMON YAGUDAEV*
                        600 Old Country Road, Suite 440
                        Garden City, New York 11530
                        (516) 746-3500

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X    Civil No.: 19-cv-210(RA)
 RAFAEL FIGUEROA,

                           Plaintiff,

         -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,    DEMAND FOR
NEW YORK PLUMBING WORKS, INC., R.C.M    EXPERT WITNESS
ELECTRIC CORP. and SAL D'AMICO    DISCLOSURE
CONSTRUCTION, INC.,

                        Defendants.
--------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                  Third Party Plaintiffs,

         -against-

NGR MAGIC CONSTRUCTION,

                  Third Party Defendant.
--------------------------------------------------------------------X

       Pursuant to CPLR 3l0l(d)(l), you are hereby required to provide the answering party herein with the following information:

      l.      The name and address of each person who will be called as an expert witness at the trial.

      2.      The subject matter on which each expert is expected to testify.

      3.      The substance of the facts and opinions on which each expert is expected to testify.

      4.      The qualifications of each expert witness.

      5.      A summary of the grounds for each expert's opinion.

*BGB File No. 28-13382 ALB*

Dated: Garden City, New York
      October 14, 2019

                                            BRAND, GLICK & BRAND, P.C.
                                            *Attorneys for Defendants, IRENE*
                                            *YAGUDAEV and SOLOMON YAGUDAEV*
                                            600 Old Country Road, Suite 440
                                            Garden City, New York 11530
                                            (516) 746-3500

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X          Civil No.: 19-cv-210(RA)
 RAFAEL FIGUEROA,

                              Plaintiff,

               -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,          DEMAND FOR
NEW YORK PLUMBING WORKS, INC., R.C.M                INSURANCE
ELECTRIC CORP. and SAL D'AMICO                      DISCLOSURE
CONSTRUCTION, INC.,

                              Defendants.
-----------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                    Third Party Plaintiffs,

               -against-

NGR MAGIC CONSTRUCTION,

                    Third Party Defendant.
-----------------------------------------------------------------------X

S I R S:

    **PLEASE TAKE NOTICE**, that pursuant to CPLR 3101(f) and Rule 3120, you are required to produce and permit the defendant to inspect and copy the contents of any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

    The foregoing may either be produced at the office of defendant's attorneys listed below any weekday between 10:00 a.m. and 4:00 p.m., or a true photocopy of said agreements including the amount of coverage afforded thereunder may be mailed to the office of defendant's attorneys listed below, within twenty days of the date hereof.

    **PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with

*BGB File No. 28-13382 ALB*

this demand, a motion will be made seeking to compel such disclosure and adjudge you in contempt of Court, requesting that the Court impose a fine for such contempt, together with the costs of this motion.

Dated: Garden City, New York
      October 14, 2019

                                                  BRAND, GLICK & BRAND, P.C.
                                                  *Attorneys for Defendants, IRENE*
                                                  *YAGUDAEV and SOLOMON YAGUDAEV*
                                                  600 Old Country Road, Suite 440
                                                  Garden City, New York 11530
                                                  (516) 746-3500

*BGB File No. 28-13382 ALB*

 UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Civil No.: 19-cv-210(RA)
 RAFAEL FIGUEROA,

                              Plaintiff,

              -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,     NOTICE FOR
NEW YORK PLUMBING WORKS, INC., R.C.M           DEPOSITIONS
ELECTRIC CORP. and SAL D'AMICO
CONSTRUCTION, INC.,

                              Defendants.
-------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                       Third Party Plaintiffs,

              -against-

NGR MAGIC CONSTRUCTION,

                       Third Party Defendant.
-------------------------------------------------------------------X

S I R S:

        **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and
Rules, the undersigned will take the testimony of the adverse party (ies), in the following
manner:

        Before :      A Notary Public

        At      :     THE COURTHOUSE

        **On      :     December 2, 2019 at: l0:00 A.M**

upon all of the relevant facts and circumstances surrounding the accident which is the subject of
this action, including negligence, contributory negligence and damages; and for the purposes

*BGB File No. 28-13382 ALB*

authorized by Section 3111 of the Civil Practice Law and Rules, said adverse party (ies) is (are) required to produce at such examination, the following:   Any and all reports, memoranda, documents or other writings, pertaining to the matter in controversy, in plaintiff's possession and/or control.

Dated: Garden City, New York
      October 14, 2019

                              BRAND, GLICK & BRAND, P.C.
                              *Attorneys for Defendants, IRENE*
                              *YAGUDAEV and SOLOMON YAGUDAEV*
                              600 Old Country Road, Suite 440
                              Garden City, New York 11530
                              (516) 746-3500

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Civil No.: 19-cv-210(RA)

RAFAEL FIGUEROA,

                          Plaintiff,

          -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,           DEMAND FOR
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,           TRIAL AUTHORIZATIONS
NEW YORK PLUMBING WORKS, INC., R.C.M
ELECTRIC CORP. and SAL D'AMICO
CONSTRUCTION, INC.,

                          Defendants.

-------------------------------------------------------------------X

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                          Third Party Plaintiffs,

          -against-

NGR MAGIC CONSTRUCTION,

                          Third Party Defendant.

-------------------------------------------------------------------X

          Pursuant to CPLR 3122(A), you are hereby required to provide the answering party
herein with the following information:

          No later than sixty (60) days after the Note of Issue is filed, served upon the attorneys for
defendant newly signed HIPAA compliant authorizations for all hospital and medical records
and such other records, including x-rays and technicians' report(s) as to be referred to and
identified in the statement of the plaintiff's physicians and additional OCA authorizations
allowing them   to interview plaintiff's treating physicians pursuant to <u>Arons v. Jutkovitz</u>, 9
N.Y.3d 393 (2007).

Dated: Garden City, New York
          October 14, 2019

                                             BRAND, GLICK & BRAND, P.C.
                                             *Attorneys for Defendants, IRENE*
                                             *YAGUDAEV and SOLOMON YAGUDAEV*
                                             600 Old Country Road, Suite 440
                                             Garden City, New York 11530
                                             (516) 746-3500

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Civil No.: 19-cv-210(RA)

RAFAEL FIGUEROA,

                              Plaintiff,

        -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,           DEMAND FOR
NEW YORK PLUMBING WORKS, INC., R.C.M                 MEDICARE/MEDICAID
ELECTRIC CORP. and SAL D'AMICO                       INFORMATION
CONSTRUCTION, INC.,

                              Defendants.
-------------------------------------------------------------------X

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                          Third Party Plaintiffs,

        -against-

NGR MAGIC CONSTRUCTION,

                          Third Party Defendant.
-------------------------------------------------------------------X

**S I R S:**

      **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the CPLR, the undersigned demands that you produce within twenty (20) days at the offices of the undersigned, 600 Old Country Road, Suite 440, Garden City, New York 11530, or at a mutually convenient location, for the purpose of discovery, inspection, photographing and non-destructive testing, the following:

         1.      State your full name;

         2.      State your social security number;

         3.      State your Medicare/Medicaid Health Insurance claim number;

*BGB File No. 28-13382 ALB*

4.   State your gender;

5.   State your date of birth;

6.   Are you a "MEDICARE/MEDICAID BENEFICIARY"

7.   If you are a MEDICARE/MEDICAID BENEFICIARY, state the type of "MEDICARE/MEDICAID COVERAGE" you are eligible to receive.

8.   If you are a MEDICARE/MEDICAID BENEFICIARY, state the basis for your qualification to receive MEDICARE/MEDICAID COVERAGE.

9.   If you are a MEDICARE/MEDICAID BENEFICIARY, have you received medical treatment that was paid for by Medicare/Medicaid related to the injuries allegedly suffered as a result of this "incident" (incident is defined as the vehicle collision which is the subject of the current lawsuit).

10.   If your response to No. 9 is yes, identify each and every injury allegedly suffered that relate to the incident requiring medical treatment that was paid for by Medicare/Medicaid..

11.   If your response to No. 9 is yes, identify the cost of the treatment for each and every injury allegedly suffered that relate to the incident that was paid for by Medicare/Medicaid.

12.   Are you seeking to recover for future medical expenses as a result of the injuries allegedly suffered that relate to the incident?

13.   If your response to No. 12 is yes, identify each and every injury allegedly suffered that relate to the incident you believe will require future medical expenses.

14.   If your response to No. 12 is yes, state each and every basis for your belief that future medical expenses will be required for the injuries allegedly suffered that relate to the incident.

15.   If your response to No. 12 is yes, provide the method used to calculate the cost of the future medical expenses for the injuries allegedly suffered that relate to the incident.

16.   Produce all documents received by you or your representative from "MEDICARE/MEDICAID" regarding conditional payments made by Medicare/Medicaid on your behalf as a result of the injuries allegedly suffered that relate to this incident. ("MEDICARE" includes Medicare, CMS, COBS,

*BGB File No. 28-13382 ALB*

MSPRC or any other entity that has provided information regarding conditional payments made by Medicare on your behalf pursuant to 42 U.S.C.S. 1395y).  If none exist, state so.

**PLEASE TAKE FURTHER NOTICE**, that in the event you should fail to comply with this notice for discovery and inspection, a motion will be made seeking to impose sanctions pursuant to CPLR 3126.

Dated: Garden City, New York
        October 14, 2019

                                        BRAND, GLICK & BRAND, P.C.
                                        *Attorneys for Defendants, IRENE*
                                        *YAGUDAEV and SOLOMON YAGUDAEV*
                                        600 Old Country Road, Suite 440
                                        Garden City, New York 11530
                                        (516) 746-3500

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X      Civil No.: 19-cv-210(RA)
 RAFAEL FIGUEROA,

       Plaintiff,

   -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,  NOTICE FOR
NEW YORK PLUMBING WORKS, INC., R.C.M   ELECTRONIC
ELECTRIC CORP. and SAL D'AMICO     DATA INFORMATION
CONSTRUCTION, INC.,

       Defendants.
-------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

      Third Party Plaintiffs,

   -against-

NGR MAGIC CONSTRUCTION,

      Third Party Defendant.
-------------------------------------------------------------------X

  **PLEASE TAKE NOTICE**, that pursuant to CPLR §3120, the plaintiff is hereby required to produce for discovery and inspection by the undersigned attorneys, within thirty (30) days hereof, the following items of electronic data and information within the plaintiff's possession and control, including but not limited to:

  1.  All relevant electronically stored e-mails, letters, notes, memoranda, and calendar entries from personal computer(s), laptop computer(s), home desktop computer(s), cellular telephone(s), personal digital assistant(s), or any other device with such storage capabilities;

  2.  All relevant Instant Message (IM) logs, transcripts, but not limited to stored on hard drive(s), including but not limited to personal computer(s), laptop computer(s), home desktop computer(s), cellular telephone(s), personal digital assistant(s), and computer(s) used at the plaintiff's place of employment;

*BGB File No. 28-13382 ALB*

3.     All relevant text messages sent from and received by the plaintiff which are stored on cellular telephone(s), personal digital assistant(s), or any other similar devices(s) with the capability of sending and receiving text messages; and

4.     All relevant voicemail messages stored on cellular telephone(s), home telephone(s), work telephone(s), personal digital assistant(s), or any other device(s) with the capability of receiving and saving voicemail messages.

**PLEASE TAKE FURTHER NOTICE**, that plaintiff's counsel must advise the plaintiff of a "litigation hold" instruction and direct the plaintiff to preserve all relevant electronically stored information (ESI) contained in the aforementioned devices.

**PLEASE TAKE FURTHER NOTICE**, that this demand is a continuing demand and the demanding party will object at the time of trial to the introduction of any testimony or evidence which flows from the existence of such documents or information which has been produced.

**PLEASE TAKE FURTHER NOTICE**, that unless this demand is timely and fully complied with, an appropriate application will be made seeking relief.

**PLEASE TAKE FURTHER NOTICE**, that any expense involved in duplicating the materials called for in this demand will be promptly reimbursed to the answering party upon representation of a proper bill.

Dated: Garden City, New York
         October 14, 2019

BRAND, GLICK & BRAND, P.C.
*Attorneys for Defendants, IRENE*
*YAGUDAEV and SOLOMON YAGUDAEV*
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

*BGB File No. 28-13382 ALB*

## ATTORNEY VERIFICATION

**ANNA BANGIYEV, ESQ.**, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms to the truth under the penalties of perjury:

That I am an associate at **BRAND, GLICK & BRAND, P.C.**, the attorneys for defendant in the within action; that affiant has read the foregoing **VERIFIED ANSWER TO AMENDED COMPLAINT WITH CROSS-CLAIMS** and knows the contents thereof; that the same is true to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and that those matters affiant believes to be true.  Affiant further says that the reason this Affirmation is not by defendant is that defendant does not reside or maintain its principal place of business within the County wherein affirmant maintains his law office namely, Nassau County.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows:  statements of the defendant and affiant's own general investigation into the facts and circumstances of this action.

Dated: Garden City, New York
October 14, 2019

_____
ANNA BANGIYEV, ESQ.

*BGB File No. 28-13382 ALB*

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                                             ss.:
COUNTY OF NASSAU   )

**MONIKA LUPO**, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides in Suffolk County, New York.

That on the 10th day of October, 2019,  deponent served the within: **CERTIFICATION PURSUANT TO PART 130, VERIFIED ANSWER TO AMENDED COMPLAINT WITH CROSS-CLAIMS, DEMAND FOR ANSWER TO CROSS-CLAIMS, DEMAND FOR VERIFIED BILL OF PARTICULARS, DEMAND FOR INSURANCE DISCLOSURE, NOTICE FOR DISCOVERY AND INSPECTION, DEMAND FOR EXPERT INFORMATION, NOTICE FOR EXAMINATION BEFORE TRIAL, DEMAND FOR TRIAL AUTHORIZATIONS, MEDICARE/MEDICAID DISCOVERY DEMAND and NOTICE FOR ELECTRONIC DATA AND INFORMATION** upon:

GREY & GREY
Attorneys for Plaintiff
360 Main Street
Farmingdale, NY 11735

APS ELECTRIC, INC.
257 54th Street, 2nd Floor
Brooklyn, NY 11220

GIRGON CONTRACTING INC.
147-20 75th Avenue
Kew Garden Hills, NY 11367

INCLINATOR ELEVETTE CO. OF NEW YORK, INC.
1213 Teaneck Road
Teaneck, NJ 07666

NEW YORK PLUMPING WORKS, INC.
109-25 Corona Avenue
Corona, NY 11368

RCM ELECTRIC CORP.
1915 McDonald Avenue, 1st Floor

*BGB File No. 28-13382 ALB*

Brooklyn, NY 11223

SAL D'AMICO CONSTRUCTION
143-40 23rd Avenue
Whitestone, NY 11357

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office - official depository under the exclusive care and custody of the United States Postal Service within New York State.

_____
Monika Lupo

Sworn to before me this
16th   day of October 2019.

_____
Notary Public

ANNA BANGIYEV
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BA6321610
Qualified in Queens County
My Commission Expires March 23, 2023

*BGB File No. 28-13382 ALB*

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X        Civil No.: 19-cv-210(RA)
  RAFAEL FIGUEROA,

                              Plaintiff,


             -against-


IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,
NEW YORK PLUMBING WORKS, INC., R.C.M
ELECTRIC CORP. and SAL D'AMICO
CONSTRUCTION, INC.,

                              Defendants.
-----------------------------------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                      Third Party Plaintiffs,


             -against-


NGR MAGIC CONSTRUCTION,

                      Third Party Defendant.
-----------------------------------------------------------------------X

---

### VERIFIED ANSWER
### AND VARIOUS DISCOVERY NOTICES/DEMANDS

---

## BRAND GLICK & BRAND, P.C.
Attorneys for Defendant(s)
**600 Old Country Rd., Ste. 440**
**Garden City, New York 11530**
**(516) 746-3500**

---

TO:
      All Parties