Ginsburg & Misk LLP
Gerard N. Misk, Esq. (gm7428)
Attorneys for Defendant
Giron Contracting Inc.
215-48 Jamaica Avenue
Queens Village, New York 11428
Telephone: (718) 468-0500
Facsimile: (718) 468-0592

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
RAFAEL FIGUEROA,

                Plaintiff,         Case No:
                                                     19-cv-210(RA)
    -against-

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC..
NEW YORK PLUMBING WORKS, INC., R.C.M.
ELECTRIC CORP. and SAL D.AMICO
CONSTRUCTION, INC.,                      **VERIFIED ANSWER**

                Defendants.
------------------------------------------X
IRENE YAGUDAEV and SOLOMON YAGUDAEV,

                Third Party Plaintiffs,

    -against-

NRG MAGIC CONSTRUCTION,

                Third Party Defendant.
------------------------------------------X

    Defendant, GIRON CONTRACTING INC., by its attorneys, GINSBURG & MISK LLP, as and for its Answer to the Amended Complaint, upon information and belief, alleges:

    1.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34,

35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93, 94, 96, 97, 98, 99, 100, 101, 102, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115 and 116 of the Amended Complaint.

2. Admits generally the allegation contained in paragraphs numbered 7, 130, 135 and 141 of the Amended Complaint.

3. Denies generally the allegations contained in paragraphs numbered 54, 62, 75, 76, 77, 78, 79, 80, 81, 82, 87, 95, 103, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 131, 132, 133, 136, 137, 138, 139, 142, 143, 144, 145, 146 and 147 of the Amended Complaint.

4. Repeats, reiterates and realleges each and every allegation contained in paragraphs 129, 134 and 140 of the Amended Complaint as if fully set forth at length herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. That in the event that the plaintiff recovers any judgment against this defendant, then this defendant demands that any such judgment be diminished in accordance with Article 16 of the CPLR and more particularly, Section 1601 thereof; and also if there is any such judgment that it be limited to this answering defendant's equitable share of any total liability.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. That the plaintiff on the date and time of the accident in question assumed the risk for the conduct in which he was engaged.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. That the Complaint herein fails to state a cause of action against the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. That any damages awarded to plaintiff must be reduced by the amount of any collateral source including, but not limited to, insurance, social security, Worker's Compensation or employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. The accident or occurrence referred to in the plaintiff's complaint and the injuries claimed were caused in whole or in part by the carelessness, contributory negligence or the assumption of risk of the plaintiff and this answering defendant demands that the plaintiff's damages be accordingly diminished or denied.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. That the complaint is wholly without merit and its initiation is deemed frivolous conduct by this answering defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11. That the plaintiff has failed to mitigate and/or reduce its damages and losses, if any as alleged in the complaint herein.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12. That this answering defendant did not owe the plaintiff any of the duties alleged in the lawsuit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13. That the risks and dangers, if any, were open, obvious, notorious and apparent.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. Answering defendant did not commence work on the project until after the date of plaintiff's alleged accident.

### AS AND FOR A CROSS-CLAIM AGAINST IRENE YAGUDAEV, SOLOMON YAGUDAEV, APS ELECTRIC INC., INCLINATOR ELEVETTE CO. OF NEW YORK, INC. NEW YORK PLUMBING WORKS, INC., R.C.M. ELECTRIC CORP. and SAL D'AMICO CONSTRUCTION, INC.

15. That if the plaintiff was caused to sustain damages at the time and place set forth in the Complaint and in the manner alleged therein through any carelessness, recklessness, acts or omissions, negligence and/or breaches of duty and/or warranty and/or contract other than of the plaintiff, then said damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence, and breaches of duty and/or obligation, and/or statute, and/or warranty, and/or contract in fact or implied in law, upon the part of the co-defendants, without any breaches or any negligence of defendant, GIRON CONTRACTING INC., contributing thereto; and if this pleading defendant is found liable as to the plaintiff for damages set forth in the plaintiff's Complaint then, and in that event, the relative responsibilities of said defendant in all fairness must be apportioned by a separate determination, in view of the existing factual disparity, and co-defendants will be liable over jointly and severally to defendant, GIRON CONTRACTING INC., and bound to fully indemnify and hold this

pleading defendant harmless for the full amount of any verdict or judgment that te plaintiff herein may recover against the defendant, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of the cross-complaint.

WHEREFORE, it is respectfully requested that this Court dismiss the complaint in its entirety and grant such other and further relief as to this Court may be just and proper.

Dated: Queens Village, New York
       November 1, 2019

                                        Yours, etc.,

                                        GINSBURG & MISK LLP

                                        By: _____
                                              GERARD N. MISK, ESQ.
                                        Attorneys for Defendant
                                        GIRON CONTRACTING INC.
                                        215-48 Jamaica Avenue
                                        Queens Village, New York 11428
                                        (718) 468-0500

TO: EVELYN F. GROSS, ESQ.
    GREY & GREY, LLP
    Attorneys for Plaintiff
    360 Main Street
    Farmingdale, NY 11735
    (516) 249-1342
    Your File No. 17-0702

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF QUEENS     )

I, the undersigned, an attorney admitted to practice before the Courts of the State of New York, state that I am the attorney of record for the defendant, in the within action; I have read the foregoing **ANSWER** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by your deponent and not by the defendant is that the defendant reside in a County other than that in which your affiant maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Conferences and correspondence with the defendant and review of records.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  Queens Village, New York
        November 1, 2019

_____
GERARD N. MISK

litclient:nrg.giron